HENRY MANGELS, Respondent, *v*. CATHERINE MANGELS, Appellant.

### February 4, 1879.

1. A divorce proceeding cannot be tried by a referee in Missouri.
2. Where no injustice has been done by an allowance as an attorney's fee for the wife, that it was informally entered as specific costs is not a ground for reversal.
3. A reversal of a decree of divorce does not necessarily reverse a decree for alimony, though both are a part of one entry in the trial court.
4. Where the husband is plaintiff in a divorce suit, evidence that he has no visible estate is not ground for refusing the wife a proper allowance for expenses of the suit. He is not entitled to a divorce if he cannot furnish her the means of defending his suit.

APPEAL from St. Louis Circuit Court.

*Reversed* as to the decree for divorce, and *affirmed* as to the decree allowing alimony.

J. D. JOHNSON, for appellant: The court erred in referring the case. — Bishop's Mar. & Div., sects. 21, 264; Wag. Stats. 533, sect. 2. Consent will not confer jurisdiction. — Cooley's Const. Lim. 398, note 2. A stipulation that the case may be referred is nugatory. — *Storm* v. *Corbett*, 20 Mo. 350; *Dodson* v. *Scruggs*, 47 Mo. 285; *The State* v. *Cooper*, 45 Mo. 64. The allowance of an attorney's fee

is in the nature of an allowance of alimony *pendente lite*. — *Waters* v. *Waters*, 49 Mo. 385. Allowance of alimony *pendente lite* is in the discretion of the court. — *Dehlamosa* v. *Dehlamosa*, 62 N. Y. 618 ; *Kountz* v. *Kountz*, 30 Ark. 75 ; *Powell* v. *Powell*, 53 Ind. 513 ; *Waldron* v. *Waldron*, 45 Pa. St. 231. In the allowance of alimony, the court is not restricted to the income of the husband. — *Schmidt* v. *Schmidt*, 26 Mo. 236. A husband is bound to furnish his, wife with the means of prosecuting or defending her suit. — *Armstrong* v. *Armstrong*, 35 Ill. 109 ; *Purcell* v. *Purcell*, 3 Edw. Ch. 194.

C. KOERNER, for respondent : The court below did not err in referring the cause, in accordance with the stipulation of the parties to the suit, nor in thereupon entering judgment on the referee's report. — Wag. Stats. 999, sect. 1 ; p. 1001, sect. 8 ; p. 1040, sect. 12 ; p. 1041, sect. 17 ; p. 1042, sect. 19 ; p. 535, sect. 2 ; *The People* v. *McGinnis*, 1 Park. Cr. 387 ; *Cordier* v. *Cordier*, 26 How. Pr. 187 ; *Waterman* v. *Waterman*, 37 How. Pr. 36. Evidence of the value of attorney's services was inadmissible. — *Baldwin* v. *Baldwin*, 6 Gray, 341 ; *Waters* v. *Waters*, 49 Mo. 385. The court erred in refusing evidence offered by plaintiff tending to show his inability to pay such additional alimony. — *Foote* v. *Foote*, 22 Ill. 425 ; *Whitsell* v. *Whitsell*, 8 Ben. 50 ; *Burr* v. *Burr*, 7 Hill, 207 ; *Hallock* v. *Hallock*, 4 How. Pr. 160 ; *Forrest* v. *Forrest*, 6 Duer, 102.

BAKEWELL, J., delivered the opinion of the court.

This was an action for divorce. By consent of parties, in writing, the cause was referred to a referee to try all the issues in the case. The referee found for plaintiff. Exceptions to the report, filed by defendant, were overruled, and the report confirmed, and judgment entered for plaintiff; from which defendant appeals.

It is contended that the court erred in referring the cause. The Practice Act provides that " an issue of fact in an

action for the recovery of money or property only, or of specific personal property, must be tried by a jury, unless a jury-trial be waived, or a reference ordered as hereinafter provided. Every other issue must be tried by the court, which, however, may take the opinion of a jury upon any specific question of fact involved, by an issue made up therein for that purpose as hereinafter provided. All or any of the issues of fact in the action may be referred, upon the written consent of the parties." · Wag. Stats. 1040, sects. 12, 13, 17.

In the absence of any other statute on the subject, it might be said that sect. 17 is sufficiently broad to cover the action for divorce. Especially so when it is considered that the language of the Practice Act is that of the New York Code, from which it is adopted (Code N. Y., sects. 254, 270), and that in New York it is held that the Code authorizes a reference of divorce cases by consent. *The People* v. *McGinnis*, 1 Park. Cr. 389. In New York, however, the jurisdiction of divorce cases had always been administered by the equity courts, which, in accordance with their usual mode of procedure, had referred divorce cases long before the adoption of the Code. In this State, also, it was provided by the act of January 17, 1825 (Rev. Stats. 1825, p. 329), that "the Circuit Court, sitting as a court of chancery, shall have jurisdiction in all causes of divorce and alimony and maintenance; and the like process, practice, and proceedings shall be had in such cases as are usually had on the equity side of the court, except that the answer of the defendant shall not be under oath."

Before this act, the law of January 29, 1817 (1 Ter. Acts, 517), simply prescribed the grounds of divorce, and gave jurisdiction to the Superior or Circuit Court. And it was held in the earliest days in this State (*Stokes* v. *Stokes*, 1 Mo. 320, in 1823) that the rules of the ecclesiastical courts should govern in Missouri, so far as those rules are appli-

cable to our institutions. The issues, according to the course of the ecclesiastical courts, are always tried by the judge, who alone decides all questions of law and fact; and in this State, so far as we know, the practice of referring causes of divorce has never obtained.

In the revision of 1835 (Rev. Stats. 1835, p. 225), the divorce law is amended by omitting the word ".practice" from the section giving jurisdiction to the Circuit Court sitting as a court of chancery; so that the law as thus amended reads, "The like process and proceedings" shall be had as are usual on the equity side of the court; and not "The like process, practice, and proceedings," as the law originally read. And examination shows that the law-making power has from that time on been careful to make changes in the divorce-law correspond with changes made in the Practice Act, so as to render its intention clear that no practice of referring causes to a master or to a referee, or of sending special issues to a jury, shall be held to apply to this particular proceeding, — the action for divorce.

In fact, divorce is not a common-law or chancery proceeding, but a proceeding *sui generis*. It is not an action on a contract, for, as is correctly said by Mr. Bishop (Bishop's Mar. & Div.), it is inconvenient if not inaccurate to speak of marriage as a contract when speaking of the state of marriage, which the action is brought to dissolve, and not of the agreement over the threshold of which the parties enter into that state. Laws changing the duties and rights of the married parties have never been held to come within the purview of constitutional provisions against the violation of a contract. Nor is the action for divorce an action of tort. It is not, therefore, to be taken for granted that the Legislature, when speaking of actions in general, in the Practice Act, meant always to embrace this peculiar action, which stands entirely alone. But that there might be no question whatever as to the legislative intent, we find the Divorce Act amended in the first revision after the adoption

of our Code, so that the provision reads (Rev. Stats. 1855, pp. 663, 664) : " The Circuit Court shall have jurisdiction in all cases of divorce ; and all such cases shall be tried by the court without the intervention of a jury." From the revision of 1865 the words " without the intervention of a jury" were dropped, and the law left as it now stands : " The Circuit Court shall have jurisdiction in all cases of divorce ; and all such cases shall be tried by the court ; and the like process and proceedings shall be had in such causes as are had in other civil suits, except the answer of the defendant shall not be under oath." Wag. Stats., sect. 2. The only change here from the law of 1855 is the omission of the express provision as to a jury, which was doubtless deemed superfluous by the revisors of 1865, as it clearly is.

There can, we think, be no reasonable doubt that the provision as to trial by the court means by the court alone, without a jury and without a referee.

The Practice Act speaks of three modes of trial, and distinguishes them (Wag. Stats. 1040 et seq.) : " Trial by the court, or jury," and (p. 1041) " trial by referees." So, where it is said that "every other issue must by tried by the court " (sect. 13), the act carefully adds, " which, however, may take the opinion of a jury upon any specific question of fact," etc.

There can be no question that the particular provision in the Divorce Act must be taken to restrain the general provision of the Practice Act. And as there is no such particular provision in the statutes of New York, the cases cited from that State in which it is held that the general provisions of the Code are broad enough to warrant a reference by consent, in divorce suits, have no application here.

When the cause is made by law triable by the court alone, an express power must be given to enable the court to delegate its power to another. The rule of trial by the courts alone is recommended by obvious reasons, and accords with the constant practice of the courts which in

England had exclusive jurisdiction of divorce. It has been decided, not only in Missouri but elsewhere, in very carefully considered cases, that the practice of the English ecclesiastical courts in matrimonial cases should be followed by all judicial tribunals of those States which are governed by the common law, wherever jurisdiction over divorce has been bestowed upon them, — having regard, of course, to the altered conditions of things here, the spirit of our laws, and any modifications introduced by statute. *Le Barron* v. *Le Barron*, 35 Vt. 365.

It is our opinion that a divorce proceeding cannot be referred, even by written consent of parties, in Missouri.

The judgment of the Circuit Court is therefore reversed and the cause remanded. All the judges concur.

In this action there are distinct and independent decrees, — a decree for alimony, and also a decree of divorce. There were also separate appeals. Defendant appeals, and complains of the decree for divorce ; and plaintiff appeals, and complains of the decree for alimony. In the opinion heretofore delivered in this cause, we reversed the decree of the Circuit Court divorcing the parties, for the reasons stated in that opinion. We did not pass upon the points involved in the appeal of plaintiff.

After the report of the referee was filed, defendant moved for an order to allow her $200 additional alimony *pendente lite*, with which to pay her attorney for services rendered by him to her in the cause. On hearing of this motion, defendant offered testimony tending to prove the value of the services of her attorney, to which plaintiff objected as irrelevant. The testimony was admitted by the court. Plaintiff offered to show a change in plaintiff's pecuniary condition, and his inability to pay alimony in addition to that which had been already ordered by the court. The court excluded this evidence, and made an order that plaintiff pay defendant $175 alimony for an attorney's fee.

It is contended that the court erred in admitting and rejecting testimony, and that the allowance was excessive.

Even if it should be held that it was irregular to admit evidence as to the value of the attorney's services, and that such sum should not be entered as specific costs, it is undisputed that the wife is entitled to a sum large enough to cover a reasonable attorney's fee. The fee in this case was, and was shown to be, reasonable. The judgment should not, therefore, be reversed on account of the form of the allowance, since no injustice has been done. *Waters* v. *Waters*, 49 Mo. 388.

The evidence offered by plaintiff was properly rejected. The plaintiff was pressing for his decree. If the husband is plaintiff, and cannot furnish his wife with the means of defending his suit, he is not entitled to a decree. *Purcell* v. *Purcell*, 3 Edw. Ch. 194. That the husband has no visible estate is not a sufficient ground for refusing to the wife a proper allowance for necessary expenses of the suit. It is not pretended that there was any definite offer to show that the husband had no property whatever, and was incapacitated from earning money, or unable to support his wife according to his state of life. The court that makes the order can modify it during the pendency of the cause, if sufficient reasons appear for doing so ; and no reason whatever appears for reversing the decree as to alimony.

Whilst the decree is reversed so far as the judgment of divorce is concerned, it is in other respects affirmed. All the judges concur.