# January Term, 1902.

[No. 4111.]

## CAIRNES v. CAIRNES.

1. DIVORCE—TEMPORARY ALIMONY—DISCRETION OF COURT.

The question of temporary alimony in a divorce suit is largely in the discretion of the trial court, and the ruling of the court thereon should not be disturbed unless there is abuse of that discretion.

2. SAME—NON-RESIDENT DEFENDANT.

Where a wife, defendant in a divorce suit, is a non-resident of the state and desires to come to Colorado to defend the suit, she should be given an opportunity to do so, and the plaintiff should be required to deposit in court a sufficient sum to pay the expenses of the wife from her home to the state to be paid to her upon her arrival, within a reasonable time, with such additional sum as may be necessary to properly defend the suit.

3. TEMPORARY ALIMONY—ABATEMENT OF SUIT.

Where a husband, plaintiff in a divorce suit, is unable to make reasonable provision for his wife during the pendency of the suit, the suit should be abated until he is able to do so.

4. DIVORCE—CITIZENSHIP OF PLAINTIFF—STATUTORY CONSTRUCTION.

Section 6 of the divorce act which provides that no person shall be entitled to a divorce unless such person shall have been a *bona fide* resident and citizen of the state for one year prior to the commencement of the action should not be so construed as to require such person to be a citizen of the United States. But where a person has been a *bona fide* resident of the state for a year and has declared his intention to become a citizen of the United States, he is a resident and citizen of the state within the meaning of the statute.

5. DIVORCE—DESERTION—PLEADING—EVIDENCE.

In an action for divorce by a husband against a non-resident wife where the complaint alleged a desertion by the wife at a specified time and a continuance of such desertion up to the time of bringing the action, and there was no intimation in the complaint that plaintiff intended to rely on a refusal of defendant to permit cohabitation prior to the time of the alleged desertion as supporting the charge of desertion, it was error to permit him to testify on the trial that defendant refused to matrimonially cohabit with him prior to the time of the alleged desertion where such testimony if true would establish defendant's unchastity.

*Error to the County Court of Jefferson County.*

Mr. WARWICK M. DOWNING, for plaintiff in error.

Messrs. THOMAS, BRYANT & LEE, for defendant in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

The plaintiff and defendant were married in the dominion of Canada on June 26, 1895. In the fall of that year the plaintiff came to Colorado, and on the 20th of July, 1898, filed his complaint in the county court of Jefferson county, asking for a divorce from the defendant upon the ground of desertion. The complaint contains the following allegation: "That on or about the 31st day of July, A. D. 1895, the defendant, disregarding the solemnity of her marriage vow, wilfully deserted and absented herself from the plaintiff without reasonable or any cause, and ever since said day has and still continues so to wilfully and without reasonable cause desert and absent herself from the plaintiff, so that the plaintiff alleges that the defendant has wilfully and without reasonable cause deserted and absented herself from the plaintiff for the period of more than one year immediately prior to the commencement of this action."

After service of the summons, the defendant appeared and asked for temporary alimony and counsel fees. The court granted her motion and allowed her the sum of forty dollars. The defendant filed her answer, denied the allegations of the plaintiff's complaint, denied that plaintiff was a resident or citizen of Colorado, alleged that the plaintiff had deserted her, and asked that the cause be dismissed. Upon

the trial it appeared that the plaintiff had declared his intention of becoming a citizen of the United States, during the year 1897. It further appeared upon the trial that the defendant left the home of the plaintiff in Canada on the 31st of July, 1895. The plaintiff was permitted to testify, over the objection of the defendant, that the defendant had refused to perform her duty as a wife from the date of their marriage. The defendant stated in her deposition that she had given premature birth to a child during the summer of 1895.

There are thirty-four assignments of error. The only ones we will consider are those which relate to the granting of alimony, the citizenship of the plaintiff, and the refusal of the court to sustain the objection to the testimony of plaintiff to matters which occurred prior to the 31st day of July, 1895.

The question of temporary alimony rests largely in the discretion of the trial court, and the ruling of the court should not be disturbed unless there is abuse of that discretion. The defendant resided in the dominion of Canada. The sum of forty dollars appears to us to be entirely inadequate to enable her to properly defend the suit. As it was, the defendant was required to expend the sum of sixty dollars for the taking of depositions, was not present at the trial, and was not able, therefore, to pay, with the money allowed by the court, her counsel fees or all the costs that she incurred. But we think we should not disturb the verdict because of this ruling of the court, for the reason we have [indicated. The court undoubtedly took into consideration the circumstances of the parties and allowed what, in his opinion, was a just sum to the defendant. In this connection it may be well to state, however, that

when a husband desires the luxury of a divorce from his wife, he should be compelled to pay the expenses of his wife pending the litigation; and in cases where the wife is a non-resident of the state, if she desires to come to the state of Colorado to make a defense, she should be given an opportunity to do so, and the courts should require plaintiff to deposit in court a sum sufficient to pay the expenses of the wife from her home to the state of Colorado, to be paid to her upon her arrival here within a reasonable time, with such additional sum as may be necessary to properly defend the suit.   And in case the plaintiff is unable to make reasonable provision for his wife during the pendency of the suit, the suit should be abated until he is able to do so.

Section 6 of the act authorizing this proceeding is in part as follows: "No person shall be entitled to a divorce in this state unless such person shall have been a *bona fide* resident and citizen of this state for one year prior to the commencement of the action, which fact shall be proven by the evidence of at least one credible witness other than the plaintiff." The law is well settled that one cannot be a citizen of a state unless he is a citizen of the United States; and it is urged by the defendant that the plaintiff, being a citizen of the dominion of Canada, is not entitled to a divorce.   In the restricted sense, a citizen of a state is a citizen of the United States domiciled in a state; and the defendant urges that the legislature intended to use the word "citizen" in this restricted sense.   We cannot agree with this contention of counsel.   At the time of the enactment of this law, persons were in the habit of coming to Colorado for the sole purpose of obtaining divorces. and the legislature, to prevent this evil, enacted the statute

In question. And we are of the opinion that the legislature did not intend that the word "citizen" should be used in its restricted sense, but in the more general and approved sense, that of one who has in Colorado a fixed habitation and a permanent residence without any present intention of removing therefrom. And we are satisfied that by this enactment the legislature did not intend to deny to persons who are not citizens of the United States access to our courts in this character of cases. We are therefore of the opinion that one who is an actual resident of Colorado, who has come to Colorado in good faith for the purpose of making this his home, and who does not maintain a domicile in any other place nor exercise the right of citizenship elsewhere, and has abandoned his former home, is entitled, after a year's residence here, to obtain a divorce in our courts upon proving the facts necessary to entitle him to a decree.

We are confirmed in our opinion that this was the intention of the legislature by a consideration of the facts which would be likely to occur if the construction insisted upon by the defendant were adopted. The only purpose, as we observed, the legislature had in requiring residence and citizenship here was to prevent the use of our courts by persons of other places coming here and residing temporarily for the sole purpose of obtaining a divorce. Yet, if the construction placed upon the act by the defendant were adopted by the court, it would result in denying to many actual and *bona fide* residents of this state access to our courts for the purposes of divorce until one year after they had become citizens of the United States, and this without regard to the length of time they had been residents of this state. A man

who, on the day he arrived here from Canada, declared his intention of becoming a citizen of the United States, would be required to remain here for the period of six years before he would be entitled to maintain an action in our courts, and this without regard to the good faith of his residence.   A woman expecting to gain citizenship through her husband, would be required to wait six years or more after her husband's desertion before she would be entitled to the relief which the law gives other persons.   But upon the native-born would probably fall the greatest burden.   The statute requires *bona fide* residence *and citizenship* to be established by some witness other than the plaintiff.   In the case of a native-born it requires proof of birth, and there are so many people residing in Colorado who would probably be unable, without great expense and inconvenience, to prove the fact of their birth, that we are satisfied the legislature did not use the word "citizen" in the sense contended for.

Again, by our constitution, men and women of proper qualifications are entitled to hold any office in the gift of the people of the state if they have declared their intention of becoming citizens of the United States, and we cannot believe that the legislature intended by the use of this word, in view of all these facts, to deny to persons not citizens the right to sue for divorce in our courts.

The act itself would appear to warrant the construction we have suggested.   "Which *fact* shall be established by the evidence of some credible witness other than the plaintiff" is the language of the act. Considering the grammatical construction of the act, it would seem that the legislature did not intend that more than one fact should be established when it

required the *bona fide* residence and citizenship to be proven. We are therefore of the opinion that the objection of the defendant upon the ground that the plaintiff was not a citizen of the state of Colorado, was properly overruled.

But we think the case must be reversed for the reason that the defendant has not had an opportunity to properly defend or explain very material statements made by the plaintiff concerning her conduct. These statements of the plaintiff involved not only desertion but moral turpitude as well. If the plaintiff's testimony is correct, the defendant was not only unchaste, but she may have been guilty of adultery. He testified that upon their wedding night, and at all other times, she denied him his marital privileges. The complaint charges the defendant with desertion on or about the 31st of July, 1895; it appears from the testimony that this is the day upon which the defendant left the plaintiff's home, and there was no intimation anywhere in the pleadings that the plaintiff intended to rely upon the refusal of the defendant to permit cohabitation, as supporting the charge of desertion. These matters were permitted to be given to the jury with all the disgusting details, and undoubtedly had a very prejudicial effect upon the defendant's cause. She was not advised in any way that the plaintiff would undertake to prove and establish her unchastity, under the garb of a charge of desertion; and, while it may be true, as contended by counsel for the plaintiff, that the refusal of the defendant, such as charged, constituted desertion, when the defendant alleged the desertion as having taken place on the 31st of July (which was the very day upon which defendant left his home) she had a right to believe that he ex-

pected to rely upon the actual leaving at that time as constituting the dersertion. In one of the affidavits filed, the defendant alleged that she and the plaintiff matrimonially cohabited after the 31st of July, 1895; the plaintiff denied that he had matrimonially cohabited with the defendant "after the 31st of July, 1895." The inference to be drawn from such a denial is that prior to July 31, 1895, he did cohabit with the defendant; at least, it was sufficient for her to believe and understand that the plaintiff did not expect to charge her inferentially with unchastity and, perhaps, adultery. We do not insist that parties are required to prove acts committed upon the date laid in the complaint, but where the date of the complaint will give notice of a fact, one should not be permitted in his testimony to detail facts of which the other party has had no notice, which have occurred prior to the date alleged in the complaint, particularly when the facts detailed are facts which if given will be prejudicial to the defendant's cause. The plaintiff knew, prior to the bringing of the suit, that the defendant claimed to have been pregnant, and if his testimony in this respect is true he was not responsible for her condition. The plaintiff then was entitled to a divorce on other grounds than that charged in the complaint, and when he charged desertion on the 31st of July, 1895, being the day on which the defendant left his home, he must be held to have waived the right to present the facts constituting desertion before that time, unless upon due notice the defendant had an opportunity to deny them.

We are satisfied that by permitting this testimony to be given, the rights of the defendant were prejudiced and that the court committed error in allowing

the plaintiff to testify to such facts; and for the reasons assigned, the judgment will be reversed.

*Reversed.*