[No. 12685.　Department Two.　May 27, 1915.]

THE STATE OF WASHINGTON, *on the Relation of C. G. Crombie, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent*.[1]

DIVORCE—PAYMENT OF ALIMONY PENDENTE LITE—TRIAL. Where the husband is in default in paying alimony pending divorce proceedings against his wife, it is not an abuse of discretion on the part of the trial court to refuse to proceed with the cause upon the merits until the order requiring the payment of alimony is complied with.

MANDAMUS—PROCEEDINGS—QUESTIONS PRESENTED. In an action of mandamus to compel the superior court to proceed with the trial of a divorce suit, which the court was refusing to do because of the husband's failure to comply with an order for the payment of alimony *pendente lite*, matters pertaining to the financial ability of the husband, the motives of the wife, and kindred questions, will not be reviewed.

Application filed in the supreme court March 15, 1915, for a writ of mandamus to compel the superior court for

[1]Reported in 148 Pac. 882.

King county, Albertson, J., to proceed with the trial of a cause. Denied.

*Frank A. Paul,* for relator.

*Griffin & Griffin,* for respondent.

MAIN, J.—This is an original application in this court for a writ of mandamus to compel the superior court for King county to proceed to a final judgment in a divorce action.

The facts, so far as pertinent to the present inquiry, are in substance as follows: On the 7th day of March, 1914, the relator, C. G. Crombie, was married to his present wife, Jennie M. Crombie. On November 20, 1914, the relator brought an action for divorce against his wife. Mrs. Crombie, on November 24, 1914, answered the complaint with certain admissions and denials, and a cross-complaint. On January 16, 1915, upon the petition of Mrs. Crombie, the superior court entered an order directing that the husband pay $60 per month alimony to his wife *pendente lite.* The first installment of this alimony was not paid when due. Prior to the time when the second installment became due, Mrs. Crombie caused her husband to be cited to show cause why he should not be committed for contempt for failure to comply with the order. On March 3, 1915, the court adjudged the husband to be in contempt for his failure to pay temporary alimony, and he was ordered committed to the county jail until he should comply with the order, or be discharged by due process of law. Mr. Crombie on the same day appealed from the order of commitment, and superseded the order by a bond. The divorce action, under the superior court rules, was, on January 12, 1915, noted to be placed upon the trial calendar. On March 5, 1915, Mrs. Crombie made a motion that the case be stricken from the trial calendar until such time as the husband should comply with the order requiring him to pay temporary alimony. This motion was granted on March 8, 1915. On March 9, 1915, a peti-

tion was filed in the superior court asking that the cause be restored to the trial calendar, and that it be set for trial in the regular course prescribed by the court rules. The trial court declined to grant the prayer of this petition. The relator then made the present application for the purpose of compelling the trial court to reinstate the case upon the trial calendar, and to set the same for trial upon a day certain, and proceed to final judgment in the cause.

The controlling question is whether the trial court abused its discretion in refusing to proceed with the trial of the cause until the relator had complied with the order of the court relative to the payment of temporary alimony. Or in other words, did the relator have the right to proceed to a trial upon the merits after appealing from the order committing him for contempt for failure to pay the alimony, and superseding the order by a bond. The rule, as supported by the authorities is that where the husband is in default in paying alimony *pendente lite*, it is not an abuse of discretion on the part of the trial court to refuse to proceed with the cause upon the merits until the order requiring the payment of such alimony is complied with. Spencer, Law of Domestic Relations, § 427; 2 Bishop, Marriage, Divorce & Separation, § 981; 14 Cyc. 755; *Purcell v. Purcell*, 3 Edw. Ch. (N. Y.), 194; *Mangels v. Mangels*, 6 Mo. App. 481; *Winter v. Superior Court*, 70 Cal. 295.

In the text of Bishop, *supra*, the rule is stated as follows:

"But a plaintiff husband, destitute both of funds and ability, will in a proper case have his suit suspended until he can do justice to his defending wife. If he cannot aliment her and give her the means of defense, he cannot have his divorce. . . ."

If the husband, after appealing and superseding the order for temporary alimony, has a right to proceed with the trial of the case upon the merits pending the appeal from the order requiring the payment of alimony *pendente lite*, he

would defeat, or could defeat, the purpose for which such money was awarded. Much is said in the brief relative to the financial ability of the husband, the motives of the wife, and other kindred questions. But these are questions which cannot be reviewed in this proceeding. If the amount of alimony adjudged is not reasonable, or if the wife is actuated by improper motives, these and kindred questions must be determined upon the appeal from the order directing the payment of temporary alimony.

The writ will therefore be denied.

MORRIS, C. J., ELLIS, FULLERTON, and CROW, JJ., concur.