R. N. NATIONS, Appellant, v. MATTIE B. NATIONS, Respondent.

St. Louis Court of Appeals. Opinion Filed May 6, 1919.

1. **DIVORCE: Custody of Minor Children: Modification of Decree.** A motion or petition to alter or modify a decree of divorce concerning the custody of minor children is a continuation of the original suit.

2. ———: ———: ———: **Reference: Error to Submit Motion to Modify Decree to Referee.** Inasmuch as a divorce proceeding cannot be tried by a referee, it follows that the action of the trial judge in submitting a motion to modify a decree with reference to the custody of children to a referee was error.

Appeal from the Circuit Court of St. Francois County. —*Hon. Peter H. Huck,* Judge.

REVERSED AND REMANDED.

*A. L. McCawley, Paul P. Prosser* and *Judson, Green & Henry* for appellant.

(1) The court erred in referring this motion to R. C. Tucker as referee of the juvenile division of the circuit court of St. Francois county because this motion was but a continuance of the original divorce proceeding and the statutes of this State provide that such proceedings must be heard and decided by the court. R. S. 1909, sec. 2371; Mangels v. Mangels, 6 Mo. App. 481; Cole v. Cole, 89 Mo. App. 228. This court, in Cole v. Cole, supra, expressly held that such a motion as this is only a continuance of the divorce suit. (2) The court erred in referring the case to the Hon. R. C. Tucker, as Referee, because the said R. C. Tucker was then an attorney of record in the said cause, representing this appellant, his name having been signed, by his consent, to the original petition for divorce filed in said court by this appellant, and the record there showing that he had never withdrawn from the case as such attorney. The said referee, therefore, was incompetent to act as a referee, and appellant's objections should have been sustained. R. S. 1909, sec. 1999; 34 Cyc. 805; Eason v. Billups, 65 N. C. 216; Fortunato v. New York, 52 N. Y. Supp. 872. (3) The court erred in entering an order sustaining the report of the referee upon the same day upon which it was filed without giving the appellant or his attorneys an opportunity to file exceptions thereto as the statutes of this state provide. R. S. 1909, sec. 2012; Ganahl v. Bleisner, 10 Mo. App. 430. (4) A decree determining the custody of children cannot be modified except upon proof of new facts showing that the welfare of the children demands a modification. 14 Cyc. 811; West v. West, 94 Mo. App. 686; Walters v. Gray, 193 S. W. 33; Chapsky v. Wood, 26 Kans. 650; Coffee v. Black, 82 Va. 567; Crockett v. Crockett, 132 Iowa, 388; Deidesheimer v. Deidesheimer, 74 App. 234 (citing Wilde v. Wilde, 36 Iowa, 319; Semrow v. Semrow, 23 Minn. 314; Petersine v. Thomas, 38

Iowa, St. 596; Chandler v. Chandler, 24 Mich. 176); Bishop on Marriage & Divorce, sec. 1181; Cole v. Cole, 89 Mo. 233 (citing Wilde v. Wilde, 36 Iowa, 319; Dubois v. Johnson, 96 Ind. 6; Semrow v. Semrow, 23 Minn. 314; Petersine v. Thomas, 38 Iowa, St. 596); State ex rel. v. Ramey, 134 Mo. App. 725. (5) In considering the question of change of custody, the good of the children and not the feelings or wishes of the parents controls. Knepper v. Knepper, 139 Mo. App. 493; In re Krauthoff, 191 Mo. App. 149 Tatum v. Davis, 128 S. W. 766; Shine v. Shine, 189 S. W. 403; In re Steele, 107 Mo. App. 569. (6) No modification changing the custody of children should be made where the children are well cared for in every respect. In re Lydia Blackburn, 41 Mo. App. 622; Chapsky v. Wood, 26 Kans. 650; Coffee v. Black, 82 Va. 567; Waters v. Gray, 193 S. W. 35. (7) Custody of children should not be given to a party guilty of immoral conduct, especially when that conduct was the cause of the divorce. Tatum v. Davis, 128 S. W. 766; In re Steele, 107 Mo. App. 567; Knepper v. Knepper, 139 Mo. App. 493. (8) As it is the duty of each parent to instill in the minds of the children a respect for the other parent, the custody should not be given to one who cannot discharge this obligation in good faith. In re Krauthoff, 177 S. W. 1112.

*Benj. H. Marbury* for respondent.

(1) When the parents of children are divorced, their children become the wards of the court in which the decree of divorce is rendered, and jurisdiction to award the custody of such children rests in that court to the exclusion of all others. R. S. 1909, section 2375; Meredith v. Krauthoff, 191 Mo. App. 149. (2) It is both the law and common sense and experience that the superior right goes with the superior interest; the welfare of minor children is the superior interest; the mother is more capable of administering to every interest of minor children of tender years far better than

their father and a step-mother. Jennings v. Jennings, 85 Mo. App. 293; Messenger v. Messenger, 56 Mo. 337; Zerega v. Zerega, 200 S. W. 700; Meredith v. Krauthoff, 191 Mo. App. 149; Lusk v. Lusk, 28 Mo. 91. (3) The original decree placed the children in the mutual care and custody of the father and mother (appellant and respondent); but in said decree, specifically reserved the right to change said order as to said care and custody; the trial court, therefore, had the power to, under respondent's motion or on its own motion, to modify said original order as to the time each parent should have the custody of said children. R. S. 1909, section 2375; In re Gladys Morgan, 117 Mo. 254 and 255; Cole v. Cole, 89 Mo. App. 233. (4) It does not follow as a matter of course, that the party prevailing in the suit for divorce shall have the care of the children; nothing is disclosed in the evidence to justify the inference that respondent is not a proper person to protect their health, to provide for their comfort, to guard their morals and direct their education from September to June of each year; their happiness requires that they should be reared up together, and it would be cruel to separate them, and considering their tender age, no one so well as their mother can or will give them that kind attention and assistance which they will daily need; they would naturally cling to her, and she would to them, and it would be unkind to them and cruel to her to take them away from her; the trial court was of this opinion, and gave them to the mutual custody of both parents, designating the time each should have them. Lusk v. Lusk, 28 Mo. 94; Jennings v. Jennings, 85 Mo. App. 290. (5) Appellant, by his attorney, filed his exceptions to the finding of the referee, and that said exceptions were considered by the court, along with the motion for a new trial, and thus every right of appellant was protected. R. S. 1909, section 2012.

BECKER, J.—This is an appeal from a decree of the circuit court of St. Francois county, modifying a

former decree of that court concerning the custody of three minor children of R. H. Nations and Mattie B. Nations.

In July, 1917, a decree of divorce was granted R. H. Nations against his then wife, Mattie B. Nations, on a petition based upon an allegation that the wife had treated him with such indignities as to render his condition in life intolerable. Under the provisions of said decree the custody of the three minor children born of the marriage was to remain "in the mutual custody of plaintiff and defendant," with certain provisions as to their support and maintenance when in the custody of the mother.

In September, 1918, Nations married a second time, whereupon a few weeks later the mother of the children filed a motion to modify the former decree concerning the custody of the children so as to grant her the care and custody thereof, together with a suitable allowance for their maintenance and education.

Upon the filing of said motion, and before any notice thereof or summons of the court thereunder had been served upon Nations, the court ordered the said motion referred to "Hon. R. C. Tucker, Referee of the Juvenile Division of the said circuit court, to hear and consider the same and the evidence offered in support thereof, and to report his findings and recommendations to the court."

In due course the parties appeared before the Referee, and prior to the introduction of any testimony Nations objected generally to the introduction of any evidence on the said motion before the Referee which objection was overruled.

The Referee then heard the testimony and thereafter filed his report in which he made a finding of facts and recommended that the children be taken from their father's custody and their custody granted the mother during the school months of the year, with the right of the father to have the children from the first day of June to the first day of September, and that the

father should pay $15 per month for each child for the support of the children when they were in the mother's custody. The report of the Referee, by an order of the said circuit court, was sustained in all respects on the very day upon which it was filed. Nations filed timely motions for a new trial and in arrest of judgment, both of which were overruled, resulting in this appeal.

### I.

A motion or petition to alter or modify a decree of divorce concerning the custody of minor children is a continuation of the original suit. "Relief of this kind is granted exclusively for circumstances which arise afterwards, showing that the welfare of the child demands a new custodian." [Cole v. Cole, 89 Mo. App. 228, and cases cited.] And ever since the early case of Mangels v. Mangels, 6 Mo. App. 481, in a well-considered opinion in which it was ruled that a divorce proceeding cannot be tried by a Referee, that question has been considered foreclosed. It follows that the action of the trial judge in submitting the motion to modify the decree with reference to the custody of children to a Referee was error.

The judgment is reversed and the cause remanded. *Reynolds, P. J.,* and *Allen, J.,* concur.