# CHARLESTON.

State *ex rel.* Logan Scott v. H. Roy Waugh, Judge.

Submitted January 16, 1923. Decided January 30, 1923.

1. Divorce—*Court May Compel Husband to Pay Wife Necessary Maintenance or Suit Money Pending Suit.*

In any pending suit for divorce, the court, by virtue of section 9 of chapter 64 of the Code, has jurisdiction to make any order that may be proper, to compel the man to pay

any sum necessary for the maintenance of the woman and to enable her to carry on her suit or to defend his suit against her.  (p. 31).

2.  Same—*Suit Deemed "Pending" for Purpose of Maintenance or Suit Money When Writ Returned Executed and Bill or Pleading Filed.*

For the purpose of such order the suit is to be deemed a pending suit whenever the writ is returned executed and the bill or other pleading is filed.   (p. 31).

3.  Courts—Mandamus—*Appellate Court Without Jurisdiction to Review by Original Writ Order of Suit Money or Temporary Alimony Pendente Lite in Advance of Application for Modification or Abrogation.*

This court has no jurisdiction by mandamus or other original writ to review the action of the circuit court in awarding such suit money or temporary alimony pendente lite, in advance of an application to that court for a modification or abrogation of such order and for good cause shown therefor.   (p. 32).

4.  Same—Divorce—*Appellate Court Cannot Review by Original or Appellate Process Court's Decree for Suit Money or Temporary Alimony Pendente Lite Until Final Judgment.*

And until the lower court has acted on such application or dismissed the case because of plaintiff's alleged contempt of its orders, this court can not review by original or appellate process the court's decrees.

(McGinnis, Judge, absent).

Mandamus by the State, on the relation of Logan Scott, against H. Roy Waugh, Judge, to compel defendant to file as a part of the record of a pending divorce case certain affidavits, and to consider and decide questions presented in the suit and pronounce a final decree.

*Writ denied.*

*W. B. & E. L. Maxwell,* for relator.
*A. M. Cunningham,* for respondents.

Miller, President:

. If the peremptory writ should be granted and run in accordance with relator's petition and the command of the alternative writ, it would require respondent, the Honorable

H. Roy Waugh, Judge of the Circuit Court of Randolph County, to file as a part of the record of the pending cause of Logan Scott, the relator, against Donna Scott, a suit for divorce, the affidavits of Claudia Calloway, C. B. Patton, Mrs. L. G. Bias and Mrs. Alice Foster, and also to take up, consider and decide the questions presented in said suit and pronounce a final decree therein.

The return of Judge Waugh admits his refusal to take up and consider the cause on relator's original, amended and cross bills, but on the ground only that the relator stands in contempt of the court for having refused to comply with its orders requiring him to pay the defendant certain sums of money as suit money and alimony *pendente lite;* and he answers that no application has been made to him or to the court to modify or to set aside said interlocutory orders, nor to prosecute or defend the suit in *forma pauperis,* and that it is his opinion that the representations of the relator that he is disabled and without means to comply with said orders is a feigned effort to avoid compliance therewith and to provide defendant with the necessary means to defend his suit against her and to prosecute her cross suit against him.

It is conceded that we have no jurisdiction by mandamus to pass upon the merits of the cause nor to change or modify on original process the orders of the court respecting suit money and alimony, if the circuit court had jurisdiction. But as furnishing grounds for the exercise of our original jurisdiction, it is affirmed as a proposition of law that the original order of August 1, 1919, at least, was pronounced after process and original bill filed, charging defendant with desertion and adultery, but before defendant had answered and denied the charges, wherefore the court was without jurisdiction to award her suit money or alimony.

Considerable text book and case law from other jurisdictions has been cited by counsel, for the proposition that until the charges of desertion, infidelity and adultery are denied, the court may not award suit money or alimony. These authorities relate rather to the rights of the wife to allowance of alimony finally, when in her suit or in defense of her hus-

band's suit she has not made out a *prima facie* case entitling
her thereto.

But the rights of the parties on this question are for the
most part to be determined by our statute.   Our statute,
section 9, chapter 64 of the Code, gives the court jurisdiction
at any time pending a suit for divorce to make any order that
may be proper to compel a man to pay any sum necessary
for the maintenance of the woman and to enable her to carry
on her suit, etc.   And we have held, construing this statute,
that a suit for divorce is a pending suit when the writ has
been issued and returned executed and the bill has been filed,
though both occurred on the same day. *Handlan* v. *Handlan*,
37 W. Va. 486.

But if we accept for the time being the proposition for
which the authorities are cited by counsel, that the wife must
first deny the charges of desertion and adultery before the
court should award her suit money and alimony, we find by
reference to the original record presented on the hearing,
that on the very day the order was made, August 1, 1919,
in her petition therefor, referring to the specific charges of the
bill against her, that of desertion and adultery, she alleged
she would assail these charges, and truthfully so, and show
them to be wilfully and maliciously false.   It seems to us that
this petition, sworn to by defendant as it was, was a suffici-
ent denial of the accusations against her and justified the
court in then making the order, on any theory presented for
the present writ.

When on September 10, 1919, the second order was made,
defendant had filed her answer and cross-bill, in which she did
formally deny plaintiff's accusations against her.   It is true
that on August 15th plaintiff had filed his answer thereto,
and therein had alleged additional matters for affirmative re-
lief, but this fact did not deprive the court of jurisdiction in
the premises.   This second order was also disregarded by the
plaintiff.   Several other amended bills, answers and amended
answers containing other incriminating and recriminating
charges of infidelity were later filed, and so far as we can find
from the papers in the cause, no evidence for or against either

of the parties had been taken or filed in the cause, or before the commissioner to whom the case has been referred, at the time these amended pleadings were presented. So that as the record then stood on the pleadings, the court was certainly not without jurisdiction to enter the order for additional suit money.

As the return of Judge Waugh shows, any modification or abrogation of these orders, upon grounds alleged, or upon any grounds, at least in the first instance, would necessarily be addressed to the sound discretion of the circuit court, and as no application has as yet been made to the trial court, we have no jurisdiction to take appellate or original jurisdiction to control or review the actions of the court below. The petitioner's ability to pay suit money or alimony on other grounds alleged and relied on are matters which must be first addressed to the circuit court. Whether upon such application the court should, on the grounds alleged or appearing on the record, modify or set aside said orders for suit money and alimony, we need not say. All such questions must come to us on appeal and not on original process. The court has not undertaken finally to adjudicate plaintiff's rights, either on the merits of the case or on his right to a modification of the orders for the payment of money. And as the court clearly had jurisdiction to make the orders at the time they were made, we can not reverse them on mandamus, but upon appeal only.

We are of opinion to deny the peremptory writ.

*Writ denied.*