# CHARLESTON.

LOGAN SCOTT *v.* DONNA SCOTT.

(No. 5104)

Submitted October 28, 1924.   Decided March 24, 1925.

DIVORCE—*Court May Decline to Hear Motion of Plaintiff to Modify Decree Directing Payment of Alimony Pendente Lite When Plaintiff is in Contempt of Court.*

In the suit of a husband for absolute divorce, where the wife files an answer and cross-bill praying for like relief, the trial court may decline to hear the cause or entertain the motion of the plaintiff to vacate or modify decrees directing the payment of suit money and alimony pendente lite while the plaintiff is in contempt of court for failing to comply with the decrees; it appearing that he has ample means to discharge the allowances, which are not alleged to be excessive.

Appeal from Circuit Court, Randolph County.

Suit by Logan Scott against Donna Scott.   Decree for defendant and plaintiff appeals.

*Affirmed.*

*W. B. Maxwell,* for Appellant.
*A. M. Cunningham* and *B. H. Allen,* for Appellee.

LITZ, JUDGE:

The plaintiff, Logan Scott, prosecutes this appeal to a decree of the circuit court of Randolph county, pronounced October 19, 1923, in his suit for absolute divorce.

On December 31, 1917, while in the service of the United States Army, the plaintiff intermarried with the defendant, Donna Cunningham Scott. After returning from service in France, and receiving an honorable discharge on February 14, 1919, he and defendant lived at the home of his parents in the city of Elkins. On March 20, 1919, during the absence of plaintiff on business, the defendant departed from his home under circumstances amounting to a desertion. Thereafter, on July 9, 1919, he instituted this suit for absolute divorce, charging defendant with desertion and adultery, with one Vernon Dennison, and others. On the evening of July 26, 1919, plaintiff and defendant met at a street carnival, in Elkins, and went to her father's home in the same town, where he remained with her over night and part of the next day.

Upon her petition filed July 31, 1919, the defendant was awarded suit money amounting to $75.00 and alimony pendente lite in the sum of $25.00 per month. In resistance of her petition the plaintiff filed his affidavit stating that he was an infant under the age of twenty-one, residing with his parents, and without property. On August 5, 1919, defendant filed her answer and cross-bill, alleging desertion and adultery on the part of plaintiff, and asking for an absolute divorce; and upon the prayer therein for additional suit money, supported by affidavits, on August 15, 1919, after due notice to the plaintiff, she was awarded $200.00, consideration being given, in fixing the amount, to recent notice by plaintiff to the defendant of his intention to take depositions in Cincinnati, Ohio, and at other places beyond this state. Thereafter, October 17, 1919, depositions taken in Cincinnati on behalf of plaintiff were filed in the cause.

On October 24, 1919, the defendant filed her petition for a rule against plaintiff, alleging that shortly after the entry of the decree for temporary alimony he had left the jurisdiction of the court for the purpose of avoiding the payment thereof; whereupon a rule was awarded against him but, by reason of his continuous absence from the State until July, 1923, was never served.

An amended bill filed on behalf of the plaintiff, October 28, 1919, charges that the defendant had committed adultery,

uncondoned by him, with various men in Cincinnati, Washington, and at other places. Answer of the defendant to the amended bill was filed February 18, 1920, setting forth counter charges, explanations and excuses. On the same day an order of attachment was issued for the arrest of the plaintiff on account of his failure and refusal to pay the suit money and temporary alimony theretofore awarded against him. Thereafter, the depositions of himself and others, taken in April, 1920, at Washington, D. C., were filed on his behalf. June 20, 1920, an order was entered, adjudging the plaintiff guilty of contempt, for failing to pay the said allowances and continually absenting himself from the state, suppressing his depositions, decreeing that he proceed no further in his suit until he had purged himself of the contempt, ordering that no more evidence be taken on his behalf until payment of the said allowances, and permitting the defendant to proceed with the cause on her behalf. Thereupon plaintiff sought in this Court a writ of prohibition against the judge of the circuit court to prevent the enforcement of the decree, especially the parts thereof suppressing depositions on his behalf, prohibiting his further taking of proof, and giving permission to the defendant to proceed with the cause on her behalf. In that case (*Scott v. Kittle, J.*, 86 W. Va. 587), decided December 7, 1920, it was held that the decree was improper in so far as it stayed the hand of the plaintiff to defend the cross-bill of the defendant, and to that extent the writ was awarded.

Thereafter the cause was referred first to Commissioner W. E. Baker, who filed no report, and subsequently to Commissioner LeRoy See. On the application of defendant additional suit money in the sum of $100.00 was awarded her June 17, 1921. Two reports submitted by Commissioner See recommended the granting of an absolute divorce to the plaintiff upon purging himself of contempt of court for failure to comply with the decrees for suit money and temporary alimony.

In January, 1923, plaintiff obtained from this Court an alternative writ of mandamus requiring the judge of the circuit court to take up, consider and decide the questions presented in the suit and pronounce a final decree therein. Upon the return of the circuit judge that he had declined to con-

sider the cause on the ground of plaintiff's contempt of court for having refused to comply with its orders requiring him to pay the defendant suit money and alimony pendente lite, and that no application had been made to him or the court to modify or set aside said orders nor to prosecute or defend the suit *in forma pauperis,* the peremptory writ was denied. *Scott* v. *Waugh, J.,* 93 W. Va. 28.

Thereafter, on March 21, 1923, plaintiff for the first time made his application for reversal or modification of the decrees for allowances to the defendant by filing his petition and motion asking that the said decrees be set aside or that a final decree be entered adjudicating the rights of the parties in accordance with the principles of equity; stating that before and since the awarding of the allowances the defendant had committed adultery; and that at the time of each of the first two awards the plaintiff had no property of any kind and was physically unable to work.

In July, 1923, the plaintiff returned to the jurisdiction of the court to attend the funeral of his mother. He was then arrested on the attachment issued February 18, 1920, and admitted to bail for his appearance before the court at the October term, 1923. In the meantime the defendant filed her petition for additional alimony, and the plaintiff filed his answer and motion to quash the rule and attachment against him. An order was entered overruling a demurrer interposed by the defendant to the plaintiff's petition, which seeks the abrogation of the decrees for allowances. Further pleadings were filed by both parties which it is unnecessary to consider on this appeal, and on October 19, 1923, the decree here complained of was entered, quashing the attachment, refusing to abate or set aside the allowances to defendant, deferring the consideration of further allowances to defendant, refusing to hear or pass upon the cause until the plaintiff shall have paid the alimony and suit money, and requiring him to execute bond in the sum of $2500.00 for his appearances before the circuit court after the decision of this Court on appeal from said decree.

There are numerous assignments of error, all of which rest upon the action of the circuit court in declining to grant the

plaintiff any relief because of his refusal to pay suit money and accrued alimony. Plaintiff being fully able, according to his own admission, to discharge the obligations imposed, and no claim having been made that the amounts allowed are excessive, the ruling was proper. 1 R. C. L. p. 908, sec. 54; p. 919, sec. 68; 19 C. J. p. 321, sec. 744; *Cairnes* v. *Cairnes,* 29 Colo. 260, 68 Pac. 233, 93 A. S. R. 55; Note to 115 A. S. R. 954; *State* v. *Superior Ct.,* 85 Wash. 607, 148 Pac. 882, L. R. A. 1915-E 567 and note; *Scott* v. *Kittle, J.,* and *Scott* v. *Waugh, J.,* cited. The plaintiff cannot complain of the large accumulation of alimony pendente lite, having chosen delay of final hearing of the cause by ignoring the decrees for suit money and temporary alimony and withdrawing himself from the jurisdiction of the court. He has never paid or offered to pay one penny in obedience to the aforesaid decrees, and made application for the first time to reverse or modify the same on March 21, 1923, although the facts constituting the basis of the application had been known to him for several years. Refusing the application of defendant husband to vacate an order for the payment of alimony in the case of *Bates* v. *Bates,* 145 N. Y. S. 411, the court said:

> "No question is made in behalf of defendant but that he was at the time of entry of the judgment herein, and for many months prior thereto had been, actually in contempt of this court, and had deliberately removed himself from its jurisdiction for the purpose of defeating any attempt to enforce the alimony order, and also of avoiding the consequences of any judgment against him in the action then pending and undetermined. That, under such circumstances, the court has full power to stay him from any forward proceedings in the action, until he has purged himself of contempt, is the well settled law of this State."

On this point Judge Miller, speaking for the Court in the prohibition case, stated:

> "In respect to relator's suit against his wife, while he stands in contempt of the orders of the court, the court may decline to entertain him and refuse to proceed in his case."

98 W. Va.

Taking into consideration the delay and laches of plaintiff to move for annulment of the decree for alimony pendente lite and the decrees for suit money, his continued absence from the State for the purpose of avoiding and defeating the enforcement of these decrees, and his knowledge of the facts constituting the basis of the application, any relief granted the plaintiff on such motion should not affect the suit money so decreed nor the alimony accrued at the date of the application. *Sistare* v. *Sistare,* 218 U. S. 16; *Myers* v. *Myers,* (Utah) 218 Pac. 123, 30 A. L. R. 74; 1 R. C. L. p. 897; *In re Estate of Bell,* 210 Ill. App. 350; *Craig* v. *Craig,* 163 Ill. 176; *Gordon* v. *Baker,* 182 Ill. App. 587; 19 C. J. p. 226 (Notes 95 and 99), *Id.* p. 324.

We are of opinion, however, that upon payment by the plaintiff of suit money heretofore allowed and alimony which had accrued at the time of filing the petition to reverse the decrees, the circuit court should hear the suit for divorce, and the application for reversal of the decree for alimony to the extent of the installments accruing subsequent to said application; giving to the defendant reasonable opportunity to offer evidence in her behalf.

Treating the decree of the circuit court as consistent with the principles herein stated, the same is hereby affirmed.

*Affirmed.*