[No. 19284.   Department One.   October 5, 1925.]

BERT M. SMILEY, *Appellant,* v. RACHEAL SMILEY, *Respondent.*[1]

DIVORCE (62, 63)—ALLOWANCE—TEMPORARY ALIMONY AND SUIT MONEY. An allowance of $100 as temporary alimony and $175 as attorney's fees is reasonable where the defendant wife was a resident of Minnesota and had to incur traveling expenses to attend the trial.

SAME (87)—ALIMONY AND SUIT MONEY—PAYMENT—ENFORCEMENT OF ORDER—STAY OF TRIAL. On the allowance of suit money and temporary alimony in the husband's action for divorce, it is proper to stay proceedings until the money is paid.

Appeal from an order of the superior court for King county, Hall, J., entered January 10, 1925, directing the payment of temporary alimony and suit money in an action for divorce. Affirmed.

*Wm. T. C. Ball,* for appellant.
*Robert B. Porterfield,* for respondent.

MAIN, J.—This is an appeal from an allowance of temporary alimony, suit money and attorney's fees in a divorce action. The trial court entered an order directing that the appellant pay to the respondent, his wife, the sum of $100 as temporary alimony, and the further sum of $175 as attorney's fees and as suit money, and restraining him from proceeding with the action until these sums should be paid.

The appellant first complains of these allowances. In *Gibson v. Gibson,* 67 Wash. 474, 122 Pac. 15, it was said:

"The allowance of costs and reasonable attorney's fees in favor of the wife in divorce cases, without regard to whether she is the prevailing party, is a matter within the sound discretion of the trial court; and its rulings in that respect, unless an abuse of discretion

[1]Reported in 239 Pac. 551.

is clearly shown, will not be interfered with on appeal. *Van Gelder v. Van Gelder,* 61 Wash. 146, 112 Pac. 86. This is an assumed risk which the husband takes with him from the marriage altar, and which follows him until death or divorce squares the debt.''

In the present case, the respondent was a resident of the state of Minnesota and her traveling expenses to and from the place of trial would be a proper item to require the husband to pay. *Cairns v. Cairns,* 29 Colo. 260, 68 Pac. 233, 93 Am. St. 55. There is nothing in the record to indicate that the trial court abused its discretion in making the allowances objected to.

The appellant next complains of that portion of the order which restrains him from prosecuting the action until the sums above mentioned have been paid. In *State ex rel. Crombie v. Superior Court,* 85 Wash. 607, 148 Pac. 882, L. R. A. 1915E 567, it was said:

''The rule, as supported by the authorities, is that where the husband is in default in paying alimony *pendente lite,* it is not an abuse of discretion on the part of the trial court to refuse to proceed with the cause upon the merits until the order requiring the payment of such alimony is complied with.'' (Citing cases.)

The trial court properly ordered that the trial be stayed until the appellant complied with the order with reference to the payment of alimony, suit money and attorney's fees.

The judgment will be affirmed.

TOLMAN, C. J., ASKREN, and PARKER, JJ., concur.