STATE Ex Rel. ORMSBY *v*. DISTRICT COURT OF SECOND JUDICIAL DISTRICT, IN AND FOR WASHOE COUNTY, ET AL.

No. 2845

April 1, 1929.                    276 P. 14.

*Wayne T. Wilson* and *Felice Cohn*, for Respondent:

*G. Gunzendorfer*, for Petitioner:

## OPINION

By the Court, SANDERS, J.:

Upon the verified petition of Emmet E. Ormsby, a writ of mandamus issued out of this court commanding the respondent court and the judge thereof to proceed to hear and determine the divorce action of Emmet E. Ormsby, plaintiff, against Mary Hill Ormsby, defendant, pending therein, or that in default thereof the respondents show cause why they had not done so on the date specified in the writ.

The respondents, in due time, interposed a general demurrer to the petition for the writ, the validity or invalidity of which depends upon the following facts: The petitioner sued his wife for a divorce on the grounds of cruelty and desertion. The marital domicile of the parties was in the State of New York, where process was served upon the defendant wife. She appeared in the action, and, by motion, asked that the plaintiff be required to pay counsel fees and that he be required to pay her railroad fare to enable her to defend the action. After a hearing of the motion, an order was made requiring the plaintiff to pay into court $150 counsel fees and to pay to the defendant $250 railroad fare. The plaintiff was subsequently cited to show cause why he had not complied with said order. Upon the hearing of the order to show cause, his excuse for not complying with the order was that he was financially unable to do so, being a day laborer, working as a janitor, and that the defendant wife was regularly employed as a saleslady and was able to pay her own expenses.

The court renewed its order, and further ordered that the proceeding be stayed until the plaintiff had complied with the order to pay said counsel fees and to pay the

defendant her railroad fare of $250 to and from the place of trial.

The petitioner makes no complaint of the order requiring him to pay the counsel fee of $150, but insists that the court exceeded its jurisdiction and abused its discretion in requiring him to pay the defendant's railroad fare, or any sum whatever for that purpose.

■ Under our statute (section 5843), which permits the court or judge in a divorce suit, in its discretion, to require the husband to pay such sums as may be necessary to enable the wife to carry on or defend the suit, we are of opinion that the wife, being a nonresident of the state, and desiring to come to Nevada in response to the summons served upon her in New York to defend the suit, her railroad fare to and from the place of trial was a proper item to require the husband to pay to enable the wife to defend the suit. Smiley v. Smiley, 136 Wash. 241, 239 P. 551; Cairnes v. Cairnes, 29 Colo. 260, 68 P. 233, 93 Am. St. Rep. 55.

■ The practice of staying or suspending the proceeding in a divorce suit until the husband becomes of sufficient ability to furnish his wife means to defend the suit was approved and applied in Wallman v. Wallman, 48 Nev. 239, 229 P. 1, 35 A. L. R. 1096.

The demurrer to the petition for the writ is sustained, and this proceeding is dismissed.

ON PETITION FOR REHEARING

May 14, 1929.

*Per Curiam:*

Rehearing denied.