334 S.E.2d 598

**Doris M. WHITMIRE**

v.

**Donald E. WHITMIRE.**

No. 16195.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 23, 1985.

Decided April 18, 1985.

Rehearing Denied June 11, 1985.

William E. Murray, McKittrick & Murray, St. Albans, for appellant.

Leonard H. Higgins, Poffenbarger & Higgins, Charleston, for appellee.

PER CURIAM:

This is an appeal by Doris M. Whitmire from a final divorce order entered by the Circuit Court of Kanawha County which granted her a divorce based on voluntary separation but denied her alimony. She contends that she was entitled to alimony, and we agree.

The parties to this proceeding were married on May 16, 1957. They lived together until June 16, 1981. At the time of the separation in 1981, the appellant was forty-two years old. During most of her years of marriage, she worked in the home as a mother. The parties had one adopted child who was eighteen at the time of the divorce proceedings. For a short period in the earlier years of marriage, the appellant had

been employed in a restaurant. She testified that she was no longer able to find work in that field because of her age. Her husband, an independent contractor, operated a contracting and excavating business in conjunction with his brother.

At the time of the divorce proceedings, the parties jointly owned a parcel of improved real estate worth approximately $100,000. They also jointly owned twenty acres in Pennsylvania, worth approximately $10,000. Mrs. Whitmire had no substantial assets other than her joint interests in the real property. Donald E. Whitmire, on the other hand, owned a one-half interest in a partnership worth approximately $85,000, according to the testimony of the parties' son. Donald E. Whitmire's income consisted of his portion of the profits of the partnership, which in the year 1980 amounted to $8,241.26.

The divorce commissioner's findings, which were adopted by the circuit court, disclosed a history of marital bickering and discord. Mrs. Whitmire was upset over some of the living conditions in the home and the lack of money for living expenses and complained that her husband was unduly generous in giving money to his brother who was in the partnership.

Much of the commissioner's report and findings of inequitable conduct on the part of Mrs. Whitmire evolved from a trip in September of 1981 that she made to Canaan Valley with her nephew, a Keith McClannahan, who was attending a VFW meeting at Canaan Valley. Her husband had consented to the trip, but apparently followed her. Mr. Whitmire observed Mr. McClannahan coming out of Mrs. Whitmire's motel room. Apparently, both Mr. McClannahan and Mrs. Whitmire also associated with a Mr. Reed who had driven with McClannahan to the meeting and was a friend of both. There was no evidence of any sexual impropriety on this occasion. Testimony was also introduced that in the fall of 1980, Mrs. Whitmire and her sister had gone clogging with Mr. Reed and that on one occasion, Mrs. Whitmire was seen kissing Mr. Reed.

■ The divorce commissioner's finding was that Mrs. Whitmire was guilty of ineq-

uitable conduct. The divorce commissioner noted that *F.C. v. I.V.C.*, 171 W.Va. 458, 300 S.E.2d 99 (1982), had modified *Dyer v. Tsapis*, 162 W.Va. 289, 249 S.E.2d 509 (1978), by permitting an award of alimony against a faultless party where the divorce is awarded on grounds of voluntary separation. As stated in Syllabus Point 1 of *F.C. v. I.V.C.*:

"Alimony may be awarded under W.Va.Code, 48-2-4(a)(7), against a 'faultless' party if 'principles of justice' so require, considering the financial needs of the parties and other factors listed in Code, 48-2-16."

■ Subsequently, in *Peremba v. Peremba*, 172 W.Va. 293, 304 S.E.2d 880 (1983), we examined the role inequitable conduct should play when a court is determining whether an award of alimony should be made. We said in Syllabus Point 1:

"When alimony is sought under *W.Va. Code*, 48-2-4(a)(7), the court may consider substantial inequitable conduct on the part of the party seeking alimony as one factor in its decision. Substantial inequitable conduct is conduct which the trier of fact may infer caused the dissolution of the marriage."

■ We have traditionally held that before conduct of one of the parties to a marriage may be viewed as a cause of the dissolution of the marriage, the conduct must have occurred before the suit to dissolve the marriage has been filed. *See generally Murredu v. Murredu*, 160 W.Va. 610, 236 S.E.2d 452 (1977); *Goldman v. Goldman*, 146 W.Va. 855, 122 S.E.2d 843 (1961); *Brown v. Brown*, 142 W.Va. 695, 97 S.E.2d 811 (1957); 24 Am.Jur.2d *Divorce & Separation* §§ 28 and 367 (1983); Annot., 98 A.L.R.2d 1264 (1964).

The record in this case shows that the commissioner was greatly impressed by the appellant's involvement with Keith McClannahan and Robert Reed during the trip to Canaan Valley. This trip occurred after the parties had separated and the divorce action had been filed by Mrs. Whitmire. A number of pages of his report dealt with that trip and quoted testimony regarding

the appellant's behavior during it. It appears that this event contributed heavily to his conclusion that the appellant had been guilty of inequitable conduct. The circuit court essentially adopted the commissioner's findings and recommendations.

We do not believe that from a fair reading of the record as a whole a trier of fact could infer that conduct on the part of the appellant, which occurred before the rupture of the marriage, caused the dissolution of the marriage, as required under *Peremba.*

We, therefore, reverse the final order of the Circuit Court of Kanawha County and remand this case with directions that the court reconsider its previous ruling in light of the principles herein expressed.

Reversed and Remanded.