346 S.E.2d 55

**Frances J. GODDARD**

v.

**Kenneth E. GODDARD.**

**No. 16342.**

Supreme Court of Appeals
of West Virginia.

July 8, 1986.

Charles R. Hamilton, Wheeling, for appellant.

W.D. Lemon, Lemon & Lemon, New Martinsville, for appellee.

PER CURIAM:

This is an appeal by Frances J. Goddard from a final order entered in the Circuit Court of Wetzel County denying alimony to the appellant on the ground that she was at fault in causing the separation of the parties. Ms. Goddard contends that the trial court's finding of fault is unsupported by the evidence and that she was therefore entitled to alimony.

I

On May 12, 1978, Frances J. Goddard was granted a divorce from her husband, Kenneth E. Goddard, on the ground of voluntary separation for more than one year. *See W.Va. Code*, 48–2–4(a)(7) [1981]. The trial judge indefinitely continued the determination of alimony, and, on the appellant's motion, voluntarily recused himself. A new judge was later appointed and a hearing on fault was held on October 1, 1981. On August 3, 1982, the judge issued a memorandum opinion concluding that the appellant was not entitled to alimony because she was at fault in causing the separation of the parties.

The court found that the marriage had been beset with extreme turmoil and that the appellant had falsely accused her husband of having an affair. On one occasion, after Mr. Goddard moved out of the marital residence, he returned to find most of the furnishings were gone, a commode was clogged, and a window was broken.

The court observed that the appellant had many health problems: a hysterectomy; successful surgery for cancer of the colon; treatment for skin cancer; and hospitalization for back problems that the appellant believed were a result of beatings by her husband.[1] In concluding that the appellant was at fault in causing the separation, the court speculated that the appellant's hysterectomy may have been a cause of the breakup.

A final order, incorporating the court's memorandum opinion, was entered on January 21, 1983, and this appeal followed.

II

 In a proceeding for alimony, where a divorce has been granted on the ground of separation for more than one year, an inquiry into fault is proper. *W.Va. Code*, 48–2–4(a)(7) [1981], provides in pertinent part:

If alimony is sought under the provisions of section fifteen [§ 48–2–15] of this article, the court may inquire into the question of who is the party at fault and may award such alimony according to the right of the matter and such determination shall not affect the right of either party to obtain a divorce on this ground; ...

In *Peremba v. Peremba*, 172 W.Va. 293, 304 S.E.2d 880 (1983), we discussed the appropriate consideration to be given to "fault." Syllabus point 1 of *Peremba* states: "When alimony is sought under *W.Va. Code*, 48–2–4(a)(7), the court may consider substantial inequitable conduct on the part of the party seeking alimony as one factor in its decision. Substantial inequitable conduct is conduct which the trier of fact may infer caused the dissolution of the marriage." *See also* syl. pt. 2, *Nutter v. Nutter*, 174 W.Va. 398, 327 S.E.2d 160

---

1. We note that there was conflicting evidence on whether Mr. Goddard beat his wife. The appellant testified that her husband struck her on several occasions and that he once choked her with a telephone cord. Shortly before the separation, she swore out a warrant charging her husband with assault and battery. The charge was later dismissed when the appellant failed to appear at a hearing. Mr. Goddard denied committing any acts of physical abuse against his wife, but he did testify that she did lunge at him once, making it necessary for him to physically restrain her. The court did not make a finding to resolve the evidentiary conflict.

(1985); syl. pt. 2, *Whitmire v. Whitmire,* 175 W.Va. 461; 334 S.E.2d 598 (1985).

Relying on *F.C. v. I.V.C.,* 171 W.Va. 458, 300 S.E.2d 99 (1982), we stressed in *Peremba* that "economic means and needs of the parties [are] foremost in a decision regarding alimony." 304 S.E.2d at 881.

Although syl. pt. 1 of *Peremba* suggests that inequitable conduct of a party seeking alimony is one factor among several that a court may consider, such conduct might be the determinative factor. "To foreclose an award of alimony to an impecunious spouse under *Peremba,* fault must be shown under W.Va. Code, 48–2–4(a)(7). That fault must be so substantially inequitable that the trier of fact can infer from it that it caused the dissolution of the marriage." *See also Dyer v. Tsapis,* 162 W.Va. 289, 249 S.E.2d 509 (1978), where we said in footnote 10: "Serious misconduct by a spouse may cut off his or her right to alimony." 162 W.Va. at 296, 249 S.E.2d at 513.

■ Our task in reviewing the trial court's denial of alimony is to determine whether the court abused its discretion in applying the foregoing principles.

'Questions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused.'
Syllabus, *Nichols v. Nichols,* [160] W.Va. [514], 236 S.E.2d 36 (1977).
Syl. pt. 2, *Peremba v. Peremba, supra.*

### III

We have read the October 1, 1981 transcript, and have discovered in it no basis for the trial court's finding that the appellant was at fault in causing the separation of the parties.

■ The record shows that the incidents involving missing furniture, a clogged toilet, and a broken window all occurred about one year after the parties separated, and the latter two took place after the divorce was granted. Under these circumstances, the court should not have considered these events as possible causes of the separation. *See Whitmire v. Whitmire, supra,* 175 W.Va. at ——, 334 S.E.2d at 599 (to be considered cause of dissolution of marriage, conduct must occur prior to filing of divorce suit); *Brown v. Brown,* 142 W.Va. 695, 708, 97 S.E.2d 811, 819 (1957) (ground for divorce must occur prior to institution of suit).

Although the trial court did not believe that the appellee committed an act of adultery and that the accusations by the appellant were therefore false,[2] the court did not make a finding that the accusations contributed to the separation. The adulterous act was alleged to have occurred in 1975. The appellant admitted being suspicious about her husband and another woman. An initial accusation was made at that time by the appellant, and the charge was repeated occasionally thereafter. The appellant testified that her husband openly admitted having extramarital sexual relations. Mr. Goddard denied committing adultery and, further, he denied making any admission of adultery.

■ The trial court was unable to identify the cause of the separation. The memorandum opinion states: "As to why the marriage deteriorated so greatly in the past 7 or 8 years, we can only guess. Perhaps it stems back to the hysterectomy." The court's speculation reflects the failure of the appellee to demonstrate that his wife was at fault and that her conduct was so substantially inequitable that she was responsible for the breakup of the marriage.

Under these circumstances, we conclude that the trial court abused its discretion in denying the appellant an award of alimony. The final order is therefore reversed, and

2. *W.Va. Code,* 48–2–4(a) provides in part: "A divorce may be ordered: ... (4) For cruel or inhuman treatment ... and false accusation of adultery ... shall be deemed cruel treatment within the meaning of this subdivision ..."

this case is remanded for a determination of a proper alimony award.

Reversed and remanded.