391 S.E.2d 748

**Linda D. (Sams) WARD**

v.

**Stuart R. SAMS.**

**No. 18908.**

Supreme Court of Appeals of West Virginia.

April 12, 1990.

---

Benjamin N. Snyder, Clendenin, for Linda D. (Sams) Ward.

Elizabeth A. Pyles, Parkersburg, for Stuart R. Sams.

## PER CURIAM:

This is an appeal by Linda D. Ward from an order entered by the Circuit Court of Wood County modifying the visitation provisions of a previous divorce decree. On appeal, the appellant claims that the decision of the trial court was contrary to the weight of the evidence and was a product of error by the trial judge. She also claims that the court's rulings are improper because the family law master who handled this case should have disqualified himself for cause. After reviewing the record, this Court disagrees and affirms the decision of the Circuit Court of Wood County.

By order dated April 23, 1986, the Circuit Court of Wood County granted the appellant, whose name was then Linda Darlene Sams, a divorce from her husband, Stuart Russell Sams. The court also directed that the matter be referred to a special commissioner to resolve certain issues still pending in the case, such as the division of the parties' property and the custody of the parties' two infant children.

The commissioner took evidence on the remaining issues in the case and on June 27, 1986, recommended that the appellant be awarded custody of the parties' two children, that the children's father be granted reasonable and seasonable visitation rights, and that the appellant be paid $60.00 per week per child as child support. The commissioner also made recommendations as to the remaining matters in the case.

After receiving the commissioner's recommendations, the Circuit Court of Wood County, by order dated July 24, 1986, adopted the commissioner's findings and awarded the appellant custody of the parties' infant children subject to reasonable and seasonable visitation rights in her former husband and directed that the former husband pay child support as recommended by the commissioner.

After entry of the final order in the divorce proceeding, the appellant's former husband, Stuart Russell Sams, on December 5, 1986, petitioned to modify the final order. In that petition, he alleged that since entry of the final order he had experienced difficulty in exercising his right of reasonable and seasonable visitation, and he prayed that the final order be modified to specify when he could visit with his children. He also alleged that since entry of the final order he had become unemployed and was unable to pay child support of $60.00 per week per child. He, therefore, prayed that the amount of child support be reduced.

The appellant, in response to her former husband's petition, alleged, among other things, that her former husband had willfully failed and refused to comply with certain provisions of the court's final order requiring him to the make child support payments. She prayed that the court incarcerate him until such time as he faithfully made the payments. She also prayed that his right of visitation be temporarily suspended and that the court appoint an individual or agency to make a discrete inquiry concerning the best interests of the parties' children with regard to visitation.

The trial court referred the questions relating to the petition for modification and various contempt motions to Robert A. Waters, who had been appointed family law master for Pleasants, Ritchie, Wood, Wirt, and Wood Counties, West Virginia, after implementation of the family law master system.

Family Law Master Waters conducted hearings on the questions referred to him by the court. In the course of the hearings it was shown that the appellant's husband had failed to make required child support payments, and it was also shown that the appellant had refused to allow him to visit with the couple's children since October, 1986. The appellant assigned as a reason for her refusal the fact that her former husband's sister had exposed herself to the children in an immoral way during visitation.

At the conclusion of the hearings, Family Law Master Waters, in a report submitted on January 2, 1987, found that the appellant's former husband had failed to make required child-support payments and that he was employed and received a substantial income. He also found that:

That due to disagreement and conflict between the parties, the Plaintiff has denied the Defendant visitation with his children since October, 1986 and therefore, the Plaintiff has also failed to comply with the previous order of the Court entered July 25, 1986.

Family Law Master Waters recommended that the appellant's former husband's prayer for reduction in child support be denied and that his prayer for specified visitation privileges be granted.

After receiving the findings and conclusions of Family Law Master Waters, the circuit court, by order erroneously dated January 23, 1986, but actually entered on January 23, 1987, refused to reduce the appellant's child support award, but altered the visitation provision of the divorce decree to specify the days, holidays and weeks, and the times during which the appellant's husband was to have visitation. The order also specified that the visitation was to take place out of the presence of the appellant's former husband's sister, to whose conduct the appellant objected.

In entering the order, the circuit court noted that the family law master had made findings and that neither party had taken exception to the findings. The court confirmed the findings and adopted them and, in effect, made them findings of the court.

Neither party appealed from the circuit court's ruling until the filing of the present appeal on October 30, 1989, more than two years after the court's action.

At a point in time which is unclear, the appellant married L. David Ward, who had previously been the law partner of Robert A. Waters, the family law master to whom the matters subject to this appeal were referred. While moving files in her new husband's office, the appellant discovered certain letters indicating that the dissolution of her new husband's law partnership with Family Law Master Robert A. Waters had been bitter and acerbic. In the same time period, she also learned that Robert A. Waters, during a conversation with Evelyn N. Waggoner, Clerk of the Circuit Court of Wirt County, had stated that he felt that her first husband was crazy and that he would not want her first husband around any of his children.

After learning of these matters, the appellant, on April 13, 1988, filed a motion to disqualify Robert A. Waters as the family law master in her case. Over the objection of the appellant, Robert A. Waters then proceeded to conduct a hearing on his own disqualification and made findings.

The appellant challenged what was happening, and the circuit court scheduled a hearing before Special Judge Donald F. Black to afford the appellant an opportunity to be heard on her motion to disqualify the family law master. Judge Black conducted a hearing on June 9, 1988. At that hearing, the judge excluded certain evidence which the appellant considered appropriate. That evidence involved derogatory remarks which the family law master had made about the appellant's former husband. The court also asked Mr. Waters if he felt that he could fairly and impartially hear the matter as a family law master, and when he indicated that he could, the judge informed the parties that he would not recuse the law master.

In the present appeal the appellant claims there were no findings of substantial or material change in the circumstances of the parties or that modification was in the best interests of the children, and that, given the absence of findings, the trial court erred in modifying the previous visitation order. The appellant also claims that the procedure followed by the lower court in determining the question of Mr. Waters' qualification to act as family law master was improper as a matter of law.

■ This Court has repeatedly indicated that questions relating to alimony and the maintenance and custody of children are within the sound discretion of the trial court, and its actions with respect to

such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused. *Goddard v. Goddard,* 176 W.Va. 537, 346 S.E.2d 55 (1986); *Abraham v. Abraham,* 176 W.Va. 224, 342 S.E.2d 190 (1986); *Yanero v. Yanero,* 171 W.Va. 88, 297 S.E.2d 863 (1982); *Nichols v. Nichols,* 160 W.Va. 514, 236 S.E.2d 36 (1977). The rule, as set forth in syllabus point 1 of *Nichols v. Nichols, Id.,* reads as follows:

> Questions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused.

It appears that in the present case, in the final divorce order dated July 24, 1986, the circuit court granted the appellant custody of the parties' two infant children and specifically granted her former husband the right of visitation "at reasonable and seasonable times."

In subsequent proceedings, the appellant admitted under oath that she had denied her former husband visitation with his children since October, 1986, because of what she described as immoral or unconscionable conduct on his part. It appears that she actually was objecting to her husband's taking their children into the presence of his sister, whom she considered immoral.

In the January 23, 1987, order the court altered the visitation provisions of the divorce decree to specify the days, holidays and weeks and the times during which the appellant's husband was to have visitation. The order also specified that the visitation was to take place out of the presence of the appellant's former husband's sister, to whose conduct the appellant objected. In the same order, the court affirmed the previous child-support order.

In entering the order, the circuit court noted that the family law master had made findings and that neither party had taken exception to those findings. The court confirmed the findings and adopted the findings and, in effect, made them findings of the court.

This Court believes that, by adopting the family law master's findings, the court did, in effect, make findings sufficient to modify the previous visitation order and, contrary to the appellant's assertions, there were sufficient findings for the trial court to take that action. Those findings were supported by the evidence adduced before the law master.

A substantial portion of the appellant's claims and arguments in the present case centers around the qualification of Family Law Master Waters to act in this case.

The challenge to Family Law Master Waters was not made until long after he had entered the case and after substantial evidence had been developed on the substantive divorce issues involved.

A fundamental consideration in any appeal is whether substantial justice has been done, and the Court has indicated that:

> When the court, on a thorough examination of the whole case, finds that substantial justice has been done, the judgment will not be reversed for any error committed by the circuit court, unless such error, if it had not been committed, would have tended in some measure to have produced a different result.

Syllabus point 4, *Barnes v. City of Grafton,* 61 W.Va. 408, 56 S.E. 608 (1907); *see also Maynard v. National Fire Insurance Co. of Hartford,* 147 W.Va. 539, 129 S.E.2d 443 (1963).

As previously indicated, Family Law Master Waters found that a detailed visitation schedule should be established for the appellant's former husband, detailing when he could visit with his children. That finding included a recommendation that the visitation take place out of the presence of the appellant's former husband's sister, to whose moral conduct the appellant objected.

The family law master's findings were prepared after evidence was introduced showing that the appellant, contrary to the provisions of the divorce decree, had refused to allow her former husband to visit

the children and that one of her reasons was that she objected to the conduct of her former husband's sister.

■ The family law master also recommended that the previous child-support award remain in effect. The recommendation was based on evidence that the appellant's former husband, though out of work for a few weeks at one point, had steady and remunerative employment providing him with sufficient income to pay the previously-decreed child support.

This Court believes that the findings of the family law master were consistent with the evidence adduced and fair. The trial court adopted those findings and in this Court's opinion did substantial justice on the divorce issues involved.

■ A substantial portion of the appellant's arguments relating to Family Law Master Waters is that he could not be fair because he had made derogatory remarks about her former husband which Judge Black would not allow into evidence. The fact that the family law master actually recommended that the appellant's former husband be granted extensive visitation rights indicates that, contrary to the appellant's assertions, he was not prejudiced against her former husband even if he made remarks, as asserted by the appellant, that her former husband was crazy.

■ In sum, this Court believes that modification of the visitation provisions was appropriate, that the trial court did not commit reversible error in excluding the evidence of remarks that the family law master made about the appellant's husband, and that it is unnecessary for the Court to examine the detailed qualification questions presented by the appellant since, in view of the evidence, disqualification of the master would not have tended to produce a different result.

The judgment of the Circuit Court of Wood County is, therefore, affirmed.

Affirmed.