NANCY D. LEVINE,

NKA NANCY D. SONIS

*v.*

WILLIAM D. LEVINE

(No. 14643)

Decided July 15, 1980.
Rehearing Denied October 7, 1980.

*James M. Cagle* for appellant.

*Robert K. Means* for appellee.

PER CURIAM:

In this appeal from the Circuit Court of Cabell County, Nancy D. Levine, nka Nancy D. Sonis, challenges the court's final judgment modifying a divorce decree.

William and Nancy Levine were divorced in March 1978. A separation agreement which became a part of the court's final order provided, *inter alia*, that Mrs. Levine, the appellant herein, would have custody of the two infant children, and that Mr. Levine, the appellee herein, was to pay certain amounts of money as alimony and child support. Difficulties arose between the two, and on November 30, 1978, pursuant to the provisions of *W.Va. Code*, 48-2-15, the appellee filed a petition alleging a change in circumstances and seeking a reduction in the amount of child support. The appellant filed an answer and motion to dismiss, and on January 8, 1979 filed a petition seeking a rule directing the appellee to show cause why he should not be held in contempt of court for his failure to comply with certain aspects of the court's prior orders. The petition also sought an increase in the amount of child support, and asked for judgment against the appellee for certain arrearages of child support, alimony, and other unpaid obligations arising out of the separation agreement.

After a hearing on January 16, 1979, the circuit court ordered the appellee to pay certain arrearages in child support; made no award for arrearages in alimony; reduced child support payments to $500.00 per month; and made no finding of contempt against the appellee.

The appellant now argues three assignments of error in support of her prayer that this Court reverse the final judgment, make proper findings of fact, and enter judgment here in her favor.

The appellant's first contention is that the judgment below should be reversed because the trial court erred

in failing to grant her motion to dismiss the appellee's petition. It is argued that the petition is insufficient on its face because it alleges no facts or circumstances which, even if taken as true, would support a reduction in the amount of child support payments. The petition in question is less than ideal, but we conclude it is not insufficient as a matter of law. Our cases do direct that a petition of this nature must state facts and circumstances and cannot rely solely on conclusory allegations, *State ex rel. Warren v. Roberts*, 144 W.Va. 741, 110 S.E. 909 (1959), however, considerable latitude has always been allowed with regard to what constitutes a legally sufficient petition, e.g. *Warren v. Roberts, supra; Springer v. Springer*, 144 W.Va. 697, 110 S.E. 912 (1959). Accordingly the trial court committed no error in failing to dismiss the petition on this ground.

The appellant also contends it was error for the trial court to entertain appellee's petition because he was in contempt of court, citing *Scott v. Scott*, 98 W.Va. 553, 127 S.E. 327 (1925). The Syllabus of *Scott* indicates that in a suit for divorce the trial court *may* decline to entertain a motion to vacate or modify decrees while the petitioner is in contempt for failure to comply with the decrees.

It is apparent from the record in this case that after the divorce was granted the parties' relationship became extremely embittered and hostile. Each party sought to retaliate against the other by various unilateral actions which contravened the spirit if not the letter of the parties' property settlement. Under such circumstances the trial court did not abuse its discretion in failing to reject appellee's petition for modification because of his alleged failures to comply with the terms of the property settlement embodied in the court's order.

As a third ground of error, the appellant contends that the evidence did not warrant a reduction in child support from $800.00 to $500.00 a month, and that at the least, she was entitled to some intermediate amount.

The record demonstrates the following: At the time of the execution of the separation agreement the parties

mutually contemplated that a certain portion of the $800.00 a month child support was attributable to child care expenses that would be incurred by the appellant after moving to Washington, D. C. because it was anticipated that she would be employed. After moving to Washington, the appellant remarried, was not employed, and so, did not have to incur child care expenses. It also appears that at the time the parties entered into the separation agreement it was mutually contemplated that a certain amount of the child support payments would be attributable to the children's prorata share of the expenses of housing the appellant and the two children. By reason of the appellant's remarriage and the consequent increase in the household size from three to four, the children's prorata share of the housing expense, as well as the children's prorata share of other fixed expenses, decreased.

We believe the record supports some reduction in child support based upon the fact that appellant has not incurred any child care payments, has remarried, and is not working. We believe the evidence also supports the finding that the prorata share of household expenses attributable to the children has been reduced. However, offsetting these factors is the fact that the appellee's income has increased by approximately 15% since the divorce. Based upon these findings we conclude that there has been a change in circumstances sufficient to justify some reduction in the amount of child support below $800.00 a month. However, we conclude the evidence does not support a reduction below $650.00.

We now address one remaining matter. On October 4, 1979, this Court granted this appeal, and ancillary thereto issued a supersedeas to the circuit court's order reducing child support to $500.00 a month. Prior to final argument, the appellant petitioned this Court to issue a rule in contempt against the appellee. Appellant contends the supersedeas had the effect of restoring the status of the parties prior to the modification order, thereby rendering the appellee liable for $800.00 a month child support from February 1979 until a final

ruling on appeal. The appellee resists the contempt on the basis that a supersedeas operates only as a stay of execution, and does not result in overturning the modification order which is the subject of this appeal. Ordinarily a supersedeas acts as a stay of proceedings in the lower court to which it is directed. Black's Law Dictionary 1607 (4th Rev. ed. 1968). In *State ex rel. Bettman v. Harness,* 42 W. Va. 414, 416, 26 S.E.2d 270 (1896), we stated:

> "An appeal and supersedeas from a decree only prevents further affirmative acts in execution of it, but leaves it just in the condition it was when the appeal takes effect, * * *."

*See also,* 1B Michies Jurisprudence, *Appeal and Error* § 169. Consequently, we are of the opinion that the supersedeas did not operate to suspend the modification order, and reinstate the order providing for $800.00 a month child support payments. Therefore, appellee is not in contempt.

The final judgment insofar as it reduced the amount of child support from $800.00 to $500.00 a month is reversed, and we remand the case to the trial court with directions to enter an order consistent with the views expressed herein. In all other respects the final judgment is affirmed.

*Judgment reversed in part; affirmed in part; and remanded with directions.*