VIRGINIA SCHWARTZ, Respondent, v RICHARD A. SCHWARTZ, Appellant. — In a matrimonial action, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kunzeman, J.), dated July 1, 1981, as (1) directed him to pay plaintiff the sum of $1,250 representing arrears for camp and medical insurance payments, (2) directed him to pay plaintiff the sum of $840 representing arrears for alimony and child support payments, (3) directed him to pay $2,000 as a counsel fee, and (4) modified the parties' judgment of divorce by directing him to pay increased child support, retroactive to May 20, 1980. Order modified, on the law and facts, by (1) reducing the sum awarded in the first decretal paragraph from $1,250 to $695, (2) reducing the sum awarded in the second decretal paragraph from $840 to $420, (3) reducing the counsel fee awarded to $1,000, and (4) deleting the fourth decretal paragraph and substituting a provision denying plaintiff's application to increase child support. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. The parties entered into a separation agreement on May 1, 1976. Approximately six weeks later, plaintiff was awarded a judgment of divorce upon the ground of abandonment pursuant to that agreement, which was incorporated into the divorce decree but was not merged therein, defendant agreed to pay for sleepaway camp for their son, the only child of their marriage, upon defendant's approval of such camp and provided that his financial situation enabled him to pay. In 1980 plaintiff proposed to send the child to a certain camp for eight weeks at an approximate cost of $1,600. Defendant as a compromise offered to send their son to camp for one month and to have the child stay with him for the second month. Plaintiff rejected this and sent the boy away for the entire summer. A paragraph of the separation agreement provides that the defendant's duty to make child support payments would abate while the child attended camp. During the summer in question defendant did not pay the camp bill, which subsequently proved to be $1,590, but did continue the usual weekly child support payments. Defendant earns $350 per week after deductions for taxes and alimony and support payments. Further, defendant is remarried and his wife has four children. Defendant's compromise proposal as to the duration of the camp trip, and the cost thereof, was reasonable and appropriate under the circumstances. Accordingly, the order under review should be modified so as to reduce the sum that defendant was directed to pay for camp to the amount of his offer, namely, $795 (representing one half of the actual cost of camp), minus the $200 he paid as child support during the four weeks of the child's stay at camp for which he may properly be held accountable, for a total of $595. It is also our view that the court properly awarded plaintiff $100 for medical insurance reimbursement. With respect to arrears in alimony and child support, Special Term erred in failing to credit defendant with a $420 payment he made on account thereof prior to the entry of judgment. Accordingly, the $840 awarded for arrears must be reduced by the amount of the payment. The award of a counsel fee is within the court's discretion (Domestic Relations Law, §§ 237, 238; *Palmer v Palmer*, 76 AD2d 905). In essence, defendant missed only three weeks of payments over a period of several years and maintains an arguable defense for those three weeks. Plaintiff should not be restricted from bringing or defending an action

to recover arrears because of her lack of finances. However, we find Special Term's award to be excessive and it is reduced to $1,000. With respect to child support, plaintiff does not claim that the agreement was unfair and inequitable when entered into. She has failed to show any unanticipated change in circumstances (see *Matter of Brescia v Fitts*, 56 NY2d 132, 140; *Matter of Boden v Boden*, 42 NY2d 210). The separation agreement contemplates and provides for the future needs of the child from age six through majority. Plaintiff has neither established that the needs of the child have increased beyond the amount for support provided in the agreement nor that there has been a substantial improvement in the financial condition of the defendant (*Matter of Brescia v Fitts, supra*, p 141). Accordingly, an upward modification of child support was not warranted. Damiani, J. P., O'Connor, Thompson and Niehoff, JJ., concur.