346 S.E.2d 61

**Patricia D. MARTIN**

v.

**David W. MARTIN**

No. 17034.

Supreme Court of Appeals of West Virginia.

July 9, 1986.

William L. Jacobs, Parkersburg, for appellant.

Malcolm B. Louden, C. Blaine Myers, Myers, McCloy & Zivkovich, Parkersburg, for appellee.

PER CURIAM:

This is an appeal from a final order of the Circuit Court of Wood County, entered April 23, 1985, which modified a final divorce decree insofar as it required David W. Martin, the appellee, to continue paying child support. The appellant, Patricia D. Martin, contends that since the appellee's duty to support was fixed by agreement, the circuit court should not have modified it. We agree, and we reverse the judgment of the circuit court.

On June 29, 1970, the parties to this appeal executed a separation agreement awarding the appellant the exclusive care, custody and control of the two infant children born of the marriage, Bruce William Martin and Douglas David Martin. The agreement further provided that the appellee was to pay child support in the amount of $250.00 per month, to provide hospitalization insurance for the benefit of the children and to pay all their reasonable medical and dental expenses not covered by such insurance "until each of the two (2) infant children born of the marriage of the parties hereto, die, marry, attain the age of twenty-one (21) years, or are otherwise emancipated, whichever event shall occur first."

The parties were divorced by a final judgment entered in the Intermediate Court of Wood County on January 7, 1971. A copy of the separation agreement was appended to and incorporated by reference into the final decree.

On January 25, 1985, the appellee filed with the circuit court a petition to modify the divorce decree insofar as it required him to support his sons until they reached the age of twenty-one. The appellee asserted that the intention of the parties at the time they executed the separation agreement was to provide for the children until they reached the age of majority, which the Legislature lowered from twenty-one to eighteen in 1972. 1972 W.Va. Acts, ch. 61. The appellee argued that since both of his sons had attained the age of eighteen, he should not be required to continue to support them.

The appellant filed a motion to dismiss the petition for modification on the ground that the circuit court had no jurisdiction to interfere with the terms of the separation agreement. In her answer, the appellant asserted that although both of her children

had reached the age of eighteen, neither had become emancipated, an assertion denied by the appellee.[1]

A hearing, at which no evidence appears to have been adduced, was conducted before the circuit court on February 22, 1985. The court requested the parties to submit briefs addressing the effect of the statutory change in the age of legal capacity on the appellee's obligation to pay child support under the terms of the separation agreement. On April 23, 1985, the court issued an order in which it concluded that child "support should terminate at age eighteen" and ordered the divorce decree modified so as to eliminate any further duty of support by the appellee. It is from this order that this appeal is taken.

The only issue in this case is whether the circuit court erred in relieving the appellee of the duty to support his sons under the separation agreement on the ground that they had attained the statutory age of majority under W.Va.Code § 2–3–1. We have recently held that under this statute,[2] a parent is not obligated to support a child who reaches the age of eighteen. *McKinney v. McKinney*, 175 W.Va. 640, 337 S.E.2d 9 (1985). There is nothing in the law, however, which precludes a parent from contracting to support his or her children after they reach the age of legal capacity. *See In re Estate of Hereford*, 162 W.Va. 477, 250 S.E.2d 45 (1978); *Dimitroff v. Dimitroff*, 159 W.Va. 57, 218 S.E.2d 743 (1975). In *Grijalva v. Grijalva*, 172 W.Va. 676, 310 S.E.2d 193, 196 (1983), we recognized that "agreements concerning child support, when those agreements are part of an overall settlement of the affairs of the parties, should not be disturbed by the trial court unless a modification is necessary for the welfare of the child."

In this case, there was no evidence adduced as to the welfare of the children or any allegation that the modification sought was for their benefit. Indeed, the only reason given for the modification was the fact that both children had attained the age of eighteen.

"Questions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syllabus, *Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977). We conclude that the circuit court here abused its discretion in relieving the appellee of his duty to support his children under the separation agreement.

1. The appellant asserted that Bruce William Martin was a full-time student at Parkersburg Community College and that Douglas David Martin was unable to find employment and was still living at home. The appellee, on the other hand, asserted that Bruce William Martin had not enrolled in college until January 1985 and then had done so only for ulterior purposes. The appellee further asserted that Douglas David Martin had been employed but quit his job. The appellee contended that neither of his sons had sought employment diligently and that they had continued to live at home only because their mother wished them to.

The appellant also filed a cross-petition seeking to recover medical and dental expenses for her sons in the amount of $1,934.27, which she alleged the appellee had failed to pay as required by the terms of the separation agreement. The appellee denied responsibility for these sums, asserting that since 1975, he had paid the appellant $50.00 per month in addition to child support to cover these expenses. This cross-petition forms no part of this appeal.

2. W.Va.Code § 2–3–1 provides, in pertinent part:

On and after June nine, one thousand nine hundred seventy-two, except as otherwise specifically provided in this Code, no person who is eighteen years of age or older shall lack legal capacity, by reason of his age, to enter into contracts, sell or purchase real or personal property, create a lien, execute any legal or other written instrument, prosecute or defend legal actions, assert claims or deal in his own affairs in any manner whatsoever.... Provided further, that any order or mandate providing for payment of child support for any person up to the age of twenty-one years contained in any decree or order of divorce or separate maintenance or in any order in any nonsupport or bastardy proceeding, which decree or order was entered prior to June nine, one thousand nine hundred seventy-two, may by order of the court be terminated as to such person upon such person attaining the age of eighteen years....

Accordingly, the judgment of the Circuit Court of Wood County is reversed.

Reversed.