350 S.E.2d 550

**Margaret Jane BIAFORE**

v.

**Virgil Patrick BIAFORE.**

**No. 17015.**

Supreme Court of Appeals of West Virginia.

Nov. 12, 1986.

James A. Liotta, Fairmont, for appellant.

Michael John Aloi, Fairmont, for appellee.

PER CURIAM:

This is an appeal by Margaret Jane Biafore from an order entered by the Circuit Court of Marion County of October 17, 1985. That order modified a previous alimony decree directing the appellant's former husband, Virgil Patrick Biafore, to pay the appellant monthly alimony. On appeal the appellant contends that the trial court erred in modifying the original alimony ruling. We agree, and we reverse the decision of the Circuit Court of Marion County.

On March 28, 1983, the appellant sued her husband, Virgil Patrick Biafore, for divorce on the ground of irreconcilable differences. Mr. Biafore filed an answer admitting irreconcilable differences, and, on June 28, 1983, Judge Meredith of the Circuit Court of Marion County granted the divorce and directed Mr. Biafore to pay the appellant $300.00 per month alimony. The court's order specifically provided that the alimony was also chargeable against Mr. Biafore's estate. Shortly after entering the order Judge Meredith died.

---

Approximately two years later, on June 28, 1985, Mr. Biafore filed a petition with the new circuit judge requesting that the court terminate, reduce, or place a time limit on the original alimony award. After conducting a hearing on the petition, the circuit court, on July 8, 1985, entered an order modifying the original alimony decree. The circuit court converted the original award of $300.00 per month into a lump sum alimony award of $8,500.00, payable with interest at the rate of $200.00 per month commencing in August, 1985. The court, in the modification order, found that the original alimony decree was vague in regard to the reason for alimony and the time period for which it was to run.

On appeal the appellant contends that the circuit court erred in modifying the original alimony decree when no substantial change in circumstances, no new facts, and no newly discovered evidence were shown. Also, she claims that the circuit court erred in reducing a lifetime award of alimony to an award of rehabilitative alimony when the evidence showed that she was a 47 year old woman who had been married for 27½ years, who had reared three children, and who had limited employment skills.

In the petition for modification Virgil Patrick Biafore alleged that the appellant was employed as a pharmacist's assistant and had been so employed for over 15 years. He also alleged that he believed that she was receiving a greater income that she was at the time of the parties' divorce. He claimed that the appellant lived with her mother and two daughters in one house, that both daughters were employed, and that the appellant's mother received social security. He asserted that her living expenses were minimal as compared to his, and that at the time of the divorce the appellant had over $30,000.00 in savings and that he believed that this amount has increased. He concluded by asserting that there had been a change in the financial assets and burdens of the parties since the entry of the final order on June 28, 1983.

Financial statements filed by the parties in conjunction with the modification proceeding showed that at the time of the proceedings the appellant had gross earnings of $585.60 per month and net earnings of $410.28 per month. Since the time of the original divorce proceedings her take-home pay had increased by $24.89 per month. On the other hand, Mr. Biafore had a gross income of $2,538.90 per month and a net income of $1,832.82 per month, and since the time of the original divorce proceedings the take-home pay had increased by $309.50 per month. The statements also indicated that the appellant's net expenses had increased by $48.87 per month since the time of the original divorce, and that Mr. Biafore's expenses had increased by $53.18 per month.

In the single syllabus of *Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977), this Court held that:

Questions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its actions with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused.

*See Luff v. Luff,* 174 W.Va. 734, 329 S.E.2d 100 (1985). Additionally, the Court has recognized that after alimony has been awarded, to justify a modification of the alimony so established and awarded, the petitioner must show that there has been a substantial change in the circumstances of the parties. *Zirkle v. Zirkle,* 172 W.Va. 211, 304 S.E.2d 664 (1983). In determining whether there has been a substantial change in circumstances of the parties, the circuit court is required to consider a number of different factors. Those factors are enumerated in syllabus point 2 of *Yanero v. Yanero*, 171 W.Va. 88, 297 S.E.2d 863 (1982), as follows:

By its terms, *W. Va. Code* § 48-2-16 [1976] requires a circuit court to consider the financial needs of the parties, their incomes and income earning abilities and their estates and the income produced by their estates in determining the amount of alimony to be awarded in a modification proceeding.

A careful examination of the record in the case presently before the Court shows that since the time of the granting of the original alimony decree the appellant's

take-home pay has increased by only $24.89 per month, whereas Mr. Biafore's take-home pay has increased by $309.50 per month. The appellant's net expenses have increased by $48.87 per month, whereas Mr. Biafore's net expenses have increased by $53.18 per month. In effect, the appellant has less discretionary income than she had at the time of the granting of the divorce, whereas Mr. Biafore has substantially greater discretionary income. This fact, coupled with a consideration of the other factors enumerated in *Yanero*, militates against a reduction in the appellant's alimony.

The Court believes the facts of this case show that the trial judge, in making the modification ruling, failed to consider the factors enumerated in *Yanero*. The Court also believes that a consideration of those factors fails to establish a substantial change in circumstances which would justify a reduction of the appellant's monthly alimony and that the trial judge abused his discretion in modifying the alimony decree originally entered in this case.

Accordingly, the Court is of the opinion that the order of the Circuit Court of Marion County modifying the alimony decree in this case should be reversed and this case should be remanded for reinstatement of the original alimony decree.

Reversed and remanded.