358 S.E.2d 785

**Danetta Day Miller LAMBERT**

v.

**Vincent W. MILLER, Jr.**

**No. 17159.**

Supreme Court of Appeals of
West Virginia.

May 22, 1987.

This Court has before it the petition for appeal, all matters of record and briefs.

## I

The appellant, Danetta Day Miller Lambert, and the appellee, Vincent Miller, Jr., obtained a divorce. Custody of the parties' two children, Vincent III and Megan, was awarded to the appellant. The appellee was directed to pay the appellant $50 per week for the support of the children.

Approximately one year later, the appellee filed a petition in the Circuit Court of Berkeley County requesting custody of the parties' son, Vincent III. He further requested that his child support obligation be correspondingly reduced. Shortly thereafter, the appellee remarried.[1] The parties then entered into an agreement wherein the appellee obtained custody of Vincent III and agreed to continue the weekly payment of $50 to the appellant for the support and maintenance of their other child, Megan, who was to remain in the appellant's custody. The trial court entered an order incorporating the parties' written agreement on August 27, 1984.

Eight months later, the appellee filed a petition requesting that his obligation to pay support for the remaining child be terminated. The appellee contended that his remaining support obligation should be terminated because there had been a substantial change in circumstances since the entry of the previous order. A hearing was held regarding the appellee's petition for termination of his child support obligation.

Evidence at that hearing demonstrated that the appellant was employed by General Motors Corporation, and her annual gross income was approximately $30,000. The appellee was employed as a school teacher by the Berkeley County Board of Education and earned approximately $22,000 annually. The appellee's second wife was also employed by the Board of Education and was expecting a child within a

Steven M. Askin, David P. Greenberg, Askin, Pill, Scales & Burke, Martinsburg, for appellant.

Charles F. Printz, Jr., Rice, Douglas & Shingleton, Martinsburg, for appellee.

McHugh, Justice:

This case is before this Court upon the appeal of Danetta Day Miller Lambert from an order entered August 27, 1985, by the Circuit Court of Berkeley County. Pursuant to that order, the court modified its earlier order by terminating the appellee's obligation to pay for the support and maintenance of the parties' infant child.

---

1. We note that the appellant had also remarried. However, at the time of the hearing on the appellee's petition for termination of his child support obligation, discussed *infra*, she was separated from her second husband. She testified during the hearing that she and her second husband had been married 32 days and had been separated since that time.

few months.[2] From the testimony elicited at the hearing and from the financial disclosure statements of the parties, the court concluded that both parties contributed an almost equivalent percentage of their respective income to the support of the child in his or her custody.

Ultimately, the court modified its previous order. In terminating the appellee's child support obligation, the court concluded that the appellee's expenditures for the support of his son since the order awarding him custody constituted a sufficient change in circumstances.

## II

The issue before us is whether there has been a substantial change in circumstances which was not within contemplation of the parties at the time the child support order was entered, thereby warranting a modification of the order.

The appellant argues that the trial court erred in terminating the appellee's obligation to pay child support because there had been no substantial change in circumstances since the previous order had been entered. Conversely, the appellee stresses that the subsequent increase in his monthly expenditures, after receiving custody of his son, constitutes a substantial change in circumstances.

In West Virginia, the authority to award or modify child support in a divorce proceeding is found in *W.Va.Code*, 48–2–15

[1986].[3] Pursuant to this section, a court may modify its original order as to child support, as the substantially changed circumstances of the parties and the needs of the children may require. *Zirkle v. Zirkle*, 172 W.Va. 211, 217, 304 S.E.2d 664, 671 (1983); *Douglas v. Douglas*, 171 W.Va. 162, 163–64, 298 S.E.2d 135, 136–37 (1982); *State ex rel. Ravitz v. Fox*, 166 W.Va. 194, 200, 273 S.E.2d 370, 372 (1980); *see* syl. pt. 6, *In re Estate of Hereford*, 162 W.Va. 477, 250 S.E.2d 45 (1978).

This Court has recognized that the issue of whether there has been a substantial change in circumstances is essentially a factual determination. *See, e.g., Douglas v. Douglas, supra* at 137; *Nichols v. Nichols*, 160 W.Va. 514, 517, 236 S.E.2d 36, 38 (1977). Therefore, what constitutes "a substantial change in circumstances" is often incapable of precise definition.

■ A trial court may consider various factors to determine if a substantial change in circumstances has occurred. Among some of the factors or circumstances considered include: a change in the financial resources or ability to pay on part of the parent obligated to pay support, needs of the child or children for whom support is paid, a good or bad faith motive of the obligated parent in sustaining a reduction of income, and the duration of the change, namely, whether the change is temporary or permanent. *See* 24 Am.Jur.2d *Divorce and Separation* §§ 1082–1088 (1983); *see*

---

**2.** The parties in this case filed financial disclosure statements with the court in order for the court to accurately assess each family's economic situation. Presumably, the appellee's present wife contributed to his family's income; however, despite the appellant's objections, she was not required to file similar information with the court. We are of the opinion that her financial disclosure statement would have assisted the trial court in its evaluation of the situation and in ruling on the matter. *See Snyder v. Snyder*, 27 Ohio App.3d 1, 3, 499 N.E.2d 320, 323 (1985) (increase in income brought about by the remarriage of a non-custodial parent is a factor to be considered in assessing the ability to pay child support); *Flowers v. Flowers*, 622 S.W.2d 414, 414–15 (Mo.Ct.App.1981) (increase in child support granted where divorced father had remarried and his second wife worked).

**3.** *W.Va.Code*, 48–2–15 [1986] provides in pertinent part:

(b) Upon ordering the annulment of a marriage or a divorce or granting of [a] decree of separate maintenance, the court may further order all or any part of the following relief:

. . . .

(e) At any time after the entry of an order pursuant to the provisions of this section, . . . the court may also from time to time afterward, on the verified petition of either of the parties or other proper person having actual or legal custody of the minor child or children of the parties, revise or alter such order concerning the custody and maintenance of the children, and make a new order concerning the same, as the circumstances of the parents or other proper person or persons and the benefit of the children may require. . . .

*generally* annotation, *Changes in Financial Condition or Needs of Parents or Children as Ground for Modification of Decree for Child Support Payments* 89 A.L.R.2d 7 (1963).

In *Nichols v. Nichols,* 160 W.Va. 514, 236 S.E.2d 36 (1977), this Court considered whether an increase in the ex-husband's income constituted a substantial change in circumstances, thereby warranting modification of the child support order. In *Nichols,* the trial court's order awarding an increase in child support and alimony payments was reversed. In that case, the divorce decree ratified and confirmed a written property settlement agreement wherein the parties agreed to a sum certain that the ex-husband would pay for monthly child support and alimony. Fourteen months later, the ex-wife sought an increase in support contending that the ex-husband's salary increased since the divorce order which constituted a substantial change in circumstances. This Court determined that, other than the inflationary spiral, "there was no change of circumstances *not contemplated at the time of the original agreement.*" 160 W.Va. at 517, 236 S.E.2d at 38. (emphasis added). The Court, therefore, found no justification for an increase in child support at that time. *Id.*

Recently, in *Goff v. Goff,* 177 W.Va. 742, 356 S.E.2d 496 (1987), this Court concluded that the economic conditions of the parties in that case had not changed in so substantial a fashion to justify modification of the ex-husband's support obligations. In syllabus point 4 of *Goff,* we held that "[i]n order to satisfy the requirement of a substantial change in circumstances necessary to grant a modification in [alimony and child] support obligations, the change must be one which would not reasonably have been expected at the time of the divorce decree."

■ Several jurisdictions considering this issue have similarly reasoned that child support orders may be modified only upon an uncontemplated change of circumstances occurring since the entry of the previous order. *Floyd v. Floyd,* 393 So.2d 22, 23 (Fla.Dist.Ct.App.1981); *Cooper v.*

*Cooper,* 219 Neb. 64, 66, 361 N.W.2d 202, 204 (1985); *In re Marriage of Zander,* 39 Wash.App. 787, 790–91, 695 P.2d 1007, 1009 (1985); annotation, *Change in Financial Condition or Needs of Parents or Children as Ground for Modification of Decree for Child Support Payments* 89 A.L.R.2d 7, § 5 (1963); *see also Schwartz v. Schwartz,* 90 A.D.2d 498, 499, 454 N.Y.S.2d 747, 749 (1982); *Dillow v. Dillow,* 575 S.W.2d 289, 291 (Tenn.Ct.App.1978). Thus, a party seeking modification of a child support order must show not only a substantial change in the circumstances since the entry of the order, but also that such change was not within the contemplation of the parties at the time the order was entered. *Graber v. Graber,* 220 Neb. 816, 819, 374 N.W.2d 8, 10 (1985); *see also Goff v. Goff,* 177 W.Va. 742, 356 S.E.2d 496 (1987).

In *In re Marriage of Zander,* 39 Wash. App. 787, 695 P.2d 1007 (1985), the court denied the appellant's requested modification of his child support payments, holding that support orders can be modified only upon an uncontemplated change of circumstances. There, the ex-husband appealed the trial court's modification order extending child support obligations beyond the age of eighteen. Both of the parties were aware that the children would graduate from high school at least one year behind normal progression when the initial order was entered. In holding that these facts did not rise to a substantial change of circumstances to justify modification of the original order, the court reasoned:

> The determinative issue is: could 'the facts now relied upon as establishing a change in the circumstances have been presented to the court in a previous hearing?' (citations omitted) The answer to the posed question in the present case is yes. Since the parties contemplated that the two children would graduate from high school at least 1 year behind the normal progression, this known condition does not now constitute a substantial change to warrant modification.

39 Wash.App. at 790–91, 695 P.2d at 1009.

In a case factually similar to the one before us, the Florida District Court of

Appeals concluded that a trial judge abused his discretion by modification of a child support order where the evidence showed that the current financial condition of the ex-husband was contemplated by the parties at the time of their stipulation and agreement. *Floyd v. Floyd*, 393 So.2d 22, 23 (Fla.Dist.Ct.App.1981). In that case, the final judgment dissolving the marriage ratified and incorporated a child custody agreement which included child support for the children. Six months later, the ex-husband petitioned for a modification of the child support. He attempted to demonstrate changed circumstances by claiming his expenses had increased by virtue of his military reassignment from Korea—where he was stationed at the time of the initial dissolution proceedings—to Georgia. The court noted that the increase in expenses either was contemplated or should have been contemplated at the time he signed the initial child support agreement. The court further noted that although his expenses may have increased, the needs of his children had in no way diminished.

The case before us is factually and procedurally similar to *Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977), discussed *supra*. Here, as in *Nichols*, no substantial change of circumstances has occurred since the entry of the child support order, which incorporated the parties' agreement, that was not within contemplation of the parties at the time the order was entered.

It is apparent in this case that the appellant, in her reliance on the terms of the parties' agreement, consented to allow the appellee to have custody of their child, Vincent III, and her lifestyle was influenced by the fact that she expected the continued child support payment for her daughter, Megan.

Most significant, however, is the fact that the circumstances which arose following the entry of the modified child support order were fully within the contemplation of the parties at the time the decree was entered. Although the appellee may not have initially appreciated the significant consequences of obtaining custody of his son, he nevertheless voluntarily chose to have his son come live with him and his new wife.

The appellee similarly voluntarily agreed to continue paying $50 weekly for the support and maintenance of the couple's younger child. Ordinarily, in the absence of other changed circumstances, obligations voluntarily assumed should not be considered as changed circumstances to reduce support payments otherwise owed. *See Dillow v. Dillow*, 575 S.W.2d 289, 291 (Tenn.Ct.App.1978).

*W.Va.Code*, 48-2-15(e) [1986] provides that one condition precedent to the modification of child support orders is that the needs of the child or children require such modification. *State ex rel. Ravitz v. Fox*, 166 W.Va. 194, 200, 273 S.E.2d 370, 372 (1980); *accord, Douglas v. Douglas*, 171 W.Va. 162, 163, 298 S.E.2d 135, 137 (1982). We have recognized that "agreements concerning child support ... should not be disturbed by the trial court unless a modification is necessary for the welfare of the child." *Grijalva v. Grijalva*, 172 W.Va. 676, 679, 310 S.E.2d 193, 196 (1983); *accord, Martin v. Martin*, 176 W.Va. 542, 543, 346 S.E.2d 61, 62 (1986). In the case before us, there was no evidence adduced as to the welfare of the children or any allegation that the requested modification was for their benefit. There is no evidence before us demonstrating that the children's needs have diminished whatsoever, nor is there evidence demonstrating that their needs will be adequately served if the court were to award the modification.

Accordingly, a child support order may be modified only upon a substantial change of circumstances which was uncontemplated by either of the parties at the time the order was entered and upon a showing that the benefit of the child requires such modification. *W.Va.Code*, 48-2-15(e) [1986].

"Questions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syllabus, *Nichols v. Nich-*

*ols,* 160 W.Va. 514, 236 S.E.2d 36 (1977); *accord, Biafore v. Biafore,* 177 W.Va. 39, 40, 350 S.E.2d 550, 552 (1986); syl. pt. 2, *Goodard v. Goddard,* 176 W.Va. 537, 346 S.E.2d 55 (1986); syl. pt. 2, *Stone v. Stone,* 173 W.Va. 72, 312 S.E.2d 296 (1984); syllabus, *Douglas v. Douglas,* 171 W.Va. 162, 298 S.E.2d 135 (1982).

We find that the trial court has abused its discretion under the circumstances of this case. Because the appellee has not demonstrated a substantial change of circumstances which was uncontemplated by either of the parties at the time the child support order was entered, and because there has been no showing that the welfare of the child requires a modification, the appellee's petition for modification of that order was improperly granted.

### III

Even though the case before us will be reversed on the previous issue, a recurring issue in many support modification cases is also before us. The second issue is whether the trial court erred in considering the appellee's remarriage in its decision to terminate the appellee's child support obligation to his daughter, Megan.[4]

Generally, it is well established that the remarriage of a divorced father which results in an increase in his expenses to support a new family is not, in itself, sufficient to warrant modification of the divorced father's child support payments. *McEntire v. McEntire,* 345 So.2d 316, 318–19 (Ala. Civ.App.1977); *Crain v. Crain,* 187 Cal. App.2d 825, 828, 834, 9 Cal.Rptr. 850, 852, 855–56 (1960); *Blondeau v. Blondeau,* 396 So.2d 403, 405–06 (La.Ct.App.1981); *Cooper v. Cooper,* 219 Neb. 64, 67, 361 N.W.2d 202, 204–05 (1985); *Testut v. Testut,* 34 N.J.Super. 95, 100, 111 A.2d 513, 515–16 (1955); *Hardy v. Hardy,* 225 N.Y.S.2d 565, 567 (Sup.Ct.1962); annotation, *Remarriage of Parent as Basis for Modification of Amount of Child Support Provisions of Divorce Decree* 89 A.L.R.2d 106 § 3 (1963).

Remarriage, however, is a factor that may be considered in determining whether under all the circumstances of the case the child support payments should be modified.[5] *Philbin v. Philbin,* 19 Cal.App.3d 115, 119, 96 Cal.Rptr. 408, 411 (1971); *Padwee v. Padwee,* 7 N.J.Super. 101, 103, 72 A.2d 213, 214 (1950); *Stone v. Stone,* 44 N.Y.S.2d 558 (Kings County Fam.Ct.1943); *Blondeau, supra; Cooper, supra.* Remarriage of a party subject to a child support order is a circumstance that may be considered, along with other factors, to allow the trial court to modify the child custody order. *Morris v. Morris,* 137 Neb. 660, 662, 290 N.W. 720, 722 (1940).[6]

---

**4.** At the outset of our discussion of this issue, we note that in terminating the appellee's child support obligation, the trial court focused primarily on the appellee's increased expenses since he had acquired custody of his son. Nevertheless, the trial court did consider the appellee's remarriage as a factor in its resolution of the case as evidenced by the following:

> In computing the values with respect to the portions being expended on behalf of the father for his son, the court is taking into consideration with respect to the household and food expenditures that there are three in the household. The wife's expenditures are based upon the fact that there are apparently two in the household.

Transcript of hearing at 32–33.

**5.** In *Levine v. Levine,* 165 W.Va. 327, 270 S.E.2d 137 (1980), this Court implicitly recognized remarriage as a factor to be considered in the modification of child support orders. There, we concluded that the record supported some reduction in child support payments due to the fact that the appellant had not incurred any child care payments, was not working and had

remarried. It is important to note that in *Levine,* the appellant's remarriage was not dispositive of the issue of modification, but considered along with other circumstances of the case to assess the propriety of a reduction in the child support. 165 W.Va. at 330, 270 S.E.2d at 139.

**6.** Our research has revealed two jurisdictions which view remarriage of a former spouse, as it relates to the modification of child support orders, strictly. For example, a Florida court, in *In re Marriage of Johnson,* 352 So.2d 140, 141 (Fla.Dist.Ct.App.1977), stated that "[t]he remarriage of the husband, with its attendant expenses, is neither relevant nor material to the issue of child support."

Similarly, the Supreme Court of Virginia concluded that "[t]he fact that [the ex-husband] has remarried and has another family dependent upon him for support is entitled to little, if any, consideration [in his proceeding for modification of child support payments]." *Hammers v. Hammers,* 216 Va. 30, 32, 216 S.E.2d 20, 21 (1975).

We conclude that remarriage . of a divorced parent, standing alone, is not sufficient to justify modification of a child support order. It is, however, a circumstance that may be considered in weighing the equities of the situation, where other factors are present which may warrant the trial court, in its sound discretion, to modify the order. Of paramount importance is the well-being of the child, and the financial support provided by a non-custodial parent should not be modified to reduce the financial support upon that parent's remarriage when the needs of the child have in no way diminished. In so holding, we note that the remarriage of a divorced parent may be considered in increasing, as well as decreasing, the amount of child support payments, where as a result of the remarriage he or she has gained financial benefit from his or her second spouse's earnings or property. Annotation, *Remarriage of Parent as Basis for Modification of Amount of Child Support Provisions of Divorce Decree,* 89 A.L.R.2d 106 §§ 8, 13[a] (1963).[7]

It was permissible for the trial court to consider the appellee's remarriage in this case. However, when this remarriage is considered in weighing the equities of the situation along with other factors present in this case, we are of the opinion that the trial court's termination of the appellee's child support obligation was improper.

In the case before us, the appellee had recently remarried at the time he acquired custody of his son. Surely, he had contemplated that starting a second family and allowing his son to live with his family would result in an increase in his expenses. *See* discussion *supra.* Nevertheless, he voluntarily agreed to continue the same weekly child support payments notwithstanding the fact that one of the children he had supported by that payment was now living with him.

Economic changes alone which may have been brought about by the appellee's re-

marriage must not militate against his dependent child, Megan. *See Beaird v. Beaird,* 380 S.W.2d 730, 732 (Tex.Civ.App. 1964). Certainly, starting a second family does impose additional financial burdens upon the appellee, but this voluntary assumption, coupled with the fact that he voluntarily assumed custody of his son, Vincent III, does not excuse him from a prior obligation. *See Hamilton v. Hamilton,* 247 A.2d 421, 423 (D.C.1968).

For the foregoing reasons, the judgment of the Circuit Court of Berkeley County is reversed.

Reversed.

---

7. For cases holding that an increase in child support is proper upon the remarriage and improved financial condition of a divorced father, see *Livsey v. Livsey,* 234 Ga. 53, 55, 214 S.E.2d 520, 522 (1975); *Flowers v. Flowers,* 622 S.W.2d 414, 414–15 (Mo.Ct.App.1981). Cases support-

ing the principle that child support may be reduced upon the remarriage and improved financial condition of a divorced mother include *Snyder v. Snyder,* 27 Ohio App.3d 1, 2–3, 499 N.E.2d 320, 322–23 (1985), and *Williams v. Williams,* 429 A.2d 450, 456 (R.I.1981).