375 S.E.2d 421

**Richard S. WHITTAKER, Plaintiff Below, Appellee,**

v.

**Peggy S. WHITTAKER, Defendant Below, Appellant.**

**No. 18484.**

Supreme Court of Appeals of West Virginia.

Nov. 23, 1988.

Michael T. Clifford, Charleston, for appellant.

John A. Mosesso, Philippi, for appellee.

PER CURIAM:

Peggy S. Whittaker, the appellant, and Richard S. Whittaker, the appellee, obtained a divorce by court order dated August 6, 1982 after 26 years of marriage. Custody of the parties minor child, Timothy James then age 9, was awarded to the appellant. The appellee was directed to pay the appellant the monthly sum of $400 as alimony and $600 as child support.

By order dated December 5, 1986, nunc pro tunc to August 26, 1983, the appellee's child support payments were reduced to $450 per month but the alimony remained the same. The reduction in child support was ordered because the appellee had lost his job in July 1983. The appellee's income was greatly reduced until he attained his present employment in 1986. The appellee did not pay the required amounts of alimony or child support and an arrearage of $22,526.46 accumulated for the period between August 23, 1983 and December 31, 1986. In 1986 the income of the appellee returned to the approximate amount he earned on the date of his divorce. On December 29, 1986 the appellee sought a second reduction in court ordered child support and alimony.

After the divorce, in addition to suffering financial reversals, the appellee became estranged from his son with whom he had been close. In 1984 the appellee moved to Florida in order to pursue a business opportunity and except for special holiday cards and presents and one visit in Florida, the child had almost no contact with his father. In 1986, after the appellee returned to West Virginia, the appellee did not telephone or visit his son. By 1987, the child, now 14 years old, refused to visit with his father. The record indicates that the refusal of the child to visit his father was willful, voluntary and without apparent encouragement or coercion from the appellant.

By order dated September 17, 1987, the circuit court denied the appellee's second petition for reduction in alimony payments but ordered that the appellee's child support obligation be reduced to $100 per month effective sixty days from October 28, 1987; however, if the child agreed to visit his father before October 28, 1987, the child support was to remain at $450 per month. The child did not visit his father before October 28, 1987.

On appeal to this Court, Peggy S. Whittaker asserts that the circuit court abused

its discretion in reducing the child support solely upon the child's independent refusal to visit his father. Because we believe that the reduction is not justified we reverse the decision of the circuit court.

W.Va. Code, 48-2-15 [1986] provides authority to modify child support in a divorce proceeding. W.Va. Code, 48-2-15(e) [1986] provides in pertinent part:

At any time after the entry of an order pursuant to the provisions of this section, the court may, upon the verified petition of either of the parties, revise or alter such order concerning the maintenance of the parties, or either of them, and make a new order concerning the same, as the altered circumstances or needs of the parties may render necessary to meet the ends of justice; and the court may also from time to time afterward, on the verified petition of either of the parties or other proper person having actual or legal custody of the minor child or children of the parties, revise or alter such order concerning the custody and maintenance of the children, and make a new order concerning the same, as the circumstances of the parents or other proper person or persons and the benefit of the children may require. In granting such relief, the court may, where other means are not conveniently available, alter any prior order of the court with respect to the distribution of marital property, if such property is still held by the parties, and if necessary to give effect to a modification of alimony, child support or child custody or necessary to avoid an inequitable or unjust result which would be caused by the manner in which the modification will affect the prior distribution of marital property.

W.Va. Code, 48-2-15(e) [1986] has been interpreted to allow a modification of a child support order only upon two showings (1) a substantial change of circumstances, and (2) a benefit to the child from such modification. In Syllabus Point 1, Lambert v. Miller, 178 W.Va. 224, 358 S.E.2d 785 (1987), we stated:

"A child support order may be modified only upon a substantial change of circumstances which was uncontemplated by either of the parties at the time the order was entered and upon a showing that the benefit of the child requires such modification. W.Va. Code, 48-2-15(e) [1986]."

In the present case, there is no evidence of the required showings. Although the appellee had employment problems from 1983 through 1985, by December 29, 1986, the date of his second request for reduction in support payments, the appellee was gainfully employed at an annual salary similar to the salary he earned when the original support order was entered. The appellee's unemployment resulted in the first reduction of his child support from $600 to $450 per month. At the time of the appellee's second petition, he had secured other employment and had improved his financial circumstances. There is no evidence before us to demonstrate that the child's material needs have diminished.

In Syllabus Point 2, Lambert v. Miller, 178 W.Va. 224, 358 S.E.2d 785 (1987), we stated:

" 'Questions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused.' Syllabus, Nichols v. Nichols, 160 W.Va. 514, 236 S.E.2d 36 (1977)."

In the present case the circuit court ordered the reduction of child support because the appellee's son willfully and voluntarily refused to visit him. We believe that the circuit court abused its discretion in modifying the child support order without requiring the appellee to show (1) a substantial change in circumstances which was uncontemplated by the parties at the time the order was entered, and (2) a benefit to the child already estranged from his father.

Because the circuit court erred in its decision to reduce the appellee's child support, the judgment is reversed and the case

is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.