382 S.E.2d 496

**James R. SALLAZ**

v.

**Sharon (Sallaz) SIGMUND.**

No. 17632.

Supreme Court of Appeals of
West Virginia.

Dec. 21, 1988.

Rehearing Granted Feb. 22, 1989.

Lee H. Adler, Beckley, for appellant.

C. Elton Byron, Jr., Beckley, for appellee.

PER CURIAM:

This case is before the Court upon the appeal of James R. Sallaz from an order entered August 6, 1986 by the Circuit Court of Raleigh County which increased appellant's child support payments. The appellant contends that the trial judge erred when he ordered an increase in child support payments as there was no showing of a substantial, uncontemplated change in circumstances, to merit the modification. We agree and reverse with directions to reinstate the original child support order.

On March 14, 1983, the final divorce order for the appellant and appellee was entered. When they divorced, both were in their early thirties. Mr. Sallaz, a pharmacist, earned roughly $37,000 a year, and his former wife, a cashier, earned roughly $14,000 per year.

The order also incorporated the following terms of the divorce which were previously agreed upon by the parties. The appellee waived her right to alimony. She would have custody of the two children, Kristie (born in 1977) and Richard (born in 1975). The appellant agreed to pay the mortgage on the marital home *until it was sold.* He also agreed to pay $325 per month child support for the children, as well as their medical and dental expenses. The appellant further separately agreed to pay all transportation and treatment expenses as-

sociated with his daughter, Kristie. Kristie is deaf and has a cochlear implant. At the time of the divorce, the implant was examined two times per year in California.

Apparently, three months after the final order was entered the appellee married William R. Sigmund. Mr. Sigmund is a businessman whose 1985 tax returns indicate that he earned $75,000.[1] Mrs. Sigmund quit her job as a cashier and stayed home with the children. At some unspecified point in 1983, Mr. Sigmund bought Mr. Sallaz's interest in the home. Therefore, Mr. Sallaz was relieved of the mortgage payment, pursuant to the sale, as agreed upon by the parties, and incorporated in the final order of March 14, 1983. Mr. Sigmund, and the appellee, now Mrs. Sigmund, and the two children reside in the home.

In 1985, the appellee petitioned for a modification of child support due to "the general cost of living." At an evidentiary hearing conducted on the matter, Mrs. Sigmund testified on direct examination that she "simply or purely" needed additional child support because of the children's "growth patterns." Counsel for the appellee further reasoned that an increase in child support was warranted because Mr. Sallaz was relieved of the mortgage payment, and the treatment center in Califor-

nia reduced Kristie's required visits from two trips per year to one.

Mr. Sallaz's income had also increased. His 1985 gross income was approximately $44,000, which was $7,000 more than it was at the time of the original 1983 order.[2] The appellee also submitted a list of expenditures for the children which essentially amounted to the basic, foreseeable costs associated with rearing children.[3]

On August 6, 1986, the trial judge entered an order which found a "substantial change in circumstances" since the prior child support order had been entered, due to the expenses incurred by the appellee on behalf of the two children. The child support payments for the two children were increased from $325 per month to $500 per month. It was also ordered that the appellant pay "an additional ... One Hundred ... Dollars ... per month ... for the necessities of the infant child, Kristie Sallaz, inasmuch as she requires special attention because of her medical condition."

On April 20, 1987, the appellant filed his petition for appeal with the Court. On May 22, 1987, this Court decided *Lambert v. Miller*, 178 W.Va. 224, 358 S.E.2d 785 (1987), which addressed the issues raised in this case.[4]

1. The trial court would not permit discovery of Mr. Sigmund's tax returns from 1982 through 1984. *See* syllabus point 3 and note 2, *Lambert v. Miller*, 178 W.Va. 224, 358 S.E.2d 785, 787 (1987).

2. The increase was attributed to increased "overtime" hours, which Mr. Sallaz testified is common practice in the field of pharmacy. He had worked such additional hours on a less frequent basis during the marriage.

3. Appellee listed 33 items, totalling $1,354 per month, as expenditures for the two children. Clothing, shoes, groceries, and tutoring expenses were estimated at $342.80 per month. Fourteen other expenditures were listed. These were "household" expenditures. Since the household size was four, appellee divided the cost in half to account for the two children. Examples of the monthly expenditures allotted to the children are: $50 per month, country club fees; $220 per month, house mortgage; $23 per month, telephone bill; $51 per month, heating; $97 per month, vacation; $171 per month, automobile loan; and $97 per month, furniture (Christmas gift of Mr. Sigmund to

Kristie). The remaining fifteen expenditures were later admitted by the appellee to be either one time expenditures, as opposed to monthly expenditures (i.e., bike repair), or were not properly attributed (cost doubled) to both children (i.e., dancing classes).

4. Both parties address *Lambert* in their briefs. One of the appellee's contentions is that *Lambert* does not apply to the modification order because it was decided after the order was entered. "[J]udicial decisions ordinarily operate retroactively." *Ashland v. Rose*, 177 W.Va. 20, 350 S.E.2d 531, 534 (1986), *appeal dismissed*, 481 U.S. 1025, 107 S.Ct. 1949, 95 L.Ed.2d 522 (1987). We have, in certain circumstances, limited the retroactive effect of our holdings in civil cases which have radically altered prior law. *Cf.* syl. pts. 13 and 14, *LaRue v. LaRue*, 172 W.Va. 158, 304 S.E.2d 312 (1983) (full retroactivity of equitable distribution principles as compared to limited retroactivity for valuation of homemaker services).

Regardless of whether either of our holdings in *Lambert* concerning changed circumstances

■ In syllabus point 1 of *Lambert*, the Court outlined the criteria for modification of a child support order.

1. A child support order may be modified only upon a substantial change of circumstances which was uncontemplated by either of the parties at the time the order was entered and upon a showing that the benefit of the child requires such modification. *W.Va.Code*, 48–2–15(e) [1986].

This Court will not disturb the decision of the trial judge unless it evinces an abuse of discretion. Syl. pt. 2, *Lambert*. We now review the appellee's evidence for increased child support to determine if the trial judge, in his discretion, could find a *substantial uncontemplated* change in circumstances since the prior order was entered which required increased support to ensure the children's welfare.

■ First, the appellant no longer pays the mortgage for the home, where the appellee (her husband) and the children reside. The sale of the home, however, was fully contemplated by the parties in their original agreement which was incorporated in the final order. An uncontemplated change, by definition is "one which would not reasonably have been expected at the time of the divorce decree. [syl. pt. 4, *Goff v. Goff*, 177 W.Va. 742, 356 S.E.2d 496 (1986)]." *Lambert*, 178 W.Va. at 227, 358 S.E.2d at 788.

Second, the appellant was spending less for his daughter's medical "check ups" and related transportation expenses. Again, the divorce order, which incorporated the agreement of the parties, is not, for obvious reasons, stated in any sum certain. Instead, it requires the appellant to pay her medical expenses and "costs incurred for transportation of the infant child, Kristie ..., so that she may receive her normal medical treatment presently being rendered in California." Based upon the testimony of the appellee, the child's doctors initially required her to travel twice annually to insure that the cochlear implant operated properly; however, her doctors later reduced the "check ups" to once a year. Again, there is no evidence that the change in treatment was not contemplated in the original agreement as incorporated into the original order. Further, the welfare of the child has in no way been jeopardized.

'[A]greements concerning child support ... should not be disturbed by the trial court unless a modification is necessary for the welfare of the child.' *Grijalva v. Grijalva*, 172 W.Va. 676, 679, 310 S.E.2d 193, 196 (1983); *accord, Martin v. Martin*, 176 W.Va. 542, 544, 346 S.E.2d 61, 62 (1986).

*Lambert*, 178 W.Va. at 228, 358 S.E.2d at 789.

Third, and finally, the appellee contends that the expense of raising the children three years after the entry of the final order has radically increased, and her husband's gross salary has increased from $37,000 to $44,000 per year.

■ Most of the expenses for the children do not represent *substantial uncontemplated* change. Housing, food, clothing and education are costs normally attendant to rearing children. If not contemplated in the agreement that resulted in the final order, they should have been. *Lambert*, 178 W.Va. at 228, 358 S.E.2d at 789. Other expenses attributed to the children do not represent their increased needs, but rather the increased consumption of the Sigmund household. *See* note 3, *supra*. As for the salary increase of Mr. Sallaz, given the nature of his work, this increase also should have been contemplated by the parties in the original order. *See Lambert, supra*, 178 W.Va. at 228, 358 S.E.2d at 789, discussing *Floyd v. Floyd*, 393 So.2d 22 (Fla.Dist.Ct.App.1981). Therefore, based upon the evidence adduced at the hearing, the increase in Mr. Sallaz' salary, standing alone, is not a substantial, uncontemplated

or remarriage radically departed from prior West Virginia law, this case was already in the appellate process when *Lambert* was decided. The entire hearing below surrounded the *Lambert* issues of substantial, uncontemplated changes in circumstances. Assuming arguendo that any of our holdings in *Lambert* departed from prior law and should be given limited retroactive effect, the appellant is still entitled to the benefit of the decision. Syl. pt. 14, *LaRue, supra*.

change in conditions which would warrant modification.

Based upon the foregoing, we find that the trial judge abused his discretion when he increased appellant's child support payments as there was no showing of a substantial, uncontemplated change in circumstances which required such an increase to ensure the well-being of the children.[5] We therefore reverse the August 6, 1986, order of the Circuit Court of Raleigh County and remand the case to the circuit court with directions to reinstate the March 14, 1983 order containing the terms of child support previously agreed upon by the parties.

Reversed and remanded with directions.

5. The parties have also raised the issue of the additional requirement imposed in the modification order concerning Kristie. The court ordered Mr. Sallaz to pay an additional $100 per month for her "inasmuch as she requires special attention because of her medical condition." In the final divorce order Mr. Sallaz agreed to pay all "reasonable and necessary medical expenses." Therefore, the additional $100 per month was unnecessary. However, the original agreement would include the $20 per month expense for batteries, required for her implant, which was the only regular expense beyond those previously discussed that Mr. Sallaz may not have regularly paid.