400 S.E.2d 608

**Patricia E. NICHOLAS**

v.

**Michael NICHOLAS.**

**No. 19594.**

Supreme Court of Appeals of
West Virginia.

Dec. 19, 1990.

Susan K. McLaughlin, McLaughlin and Curry, Fairmont, for Patricia E. Nicholas.

Michael John Aloi, Manchin, Aloi & Carrick, Fairmont, for Michael Nicholas.

PER CURIAM:

This case again presents the issue of whether the circuit court can ignore child support amounts as established by the director of the Child Advocate Office of the Department of Human Services. We addressed this issue in the Syllabus of *Holley v. Holley*, 181 W.Va. 396, 382 S.E.2d 590 (1989):

> "When a family law master or a circuit court enters an order awarding or modifying child support, the amount of the child support shall be in accordance with the established state guidelines, set forth in 6 *W.Va.Code of State Rules* §§ 78-16-1 to 78-16-20 (1988), unless the master or the court sets forth, in writing, specific reasons for not following the

guidelines in the particular case involved. *W.Va.Code,* 48A-2-8(a), as amended."

The facts are parallel to those in *Holley.* Following the parties' divorce in 1985, Mrs. Nicholas was awarded $400 a month for support of the two minor children. Subsequently, in August, 1988, she petitioned to have the child support increased under the guidelines. At the time, she was working and had take-home pay of approximately $1,000 per month. Her former husband had take-home pay of approximately $2,500 per month. The family law master calculated the child support based on both incomes and concluded that the child support should be increased to $740 per month.

On appeal to the circuit court, the husband argued that when the original child support had been ordered, he was making approximately the same amount he is currently making. He also pointed out that at the time of the divorce, his wife was earning no income. The court agreed and concluded that with the increase in the wife's income to approximately $1,000 per month, it would be inequitable to raise the child support. Moreover, the court concluded that there had been no substantial change in circumstances to warrant an increase of child support. *See Sallaz v. Sigmund,* 181 W.Va. 302, 382 S.E.2d 496 (1988); *Lambert v. Miller,* 178 W.Va. 224, 358 S.E.2d 785 (1987).

It appears that the court below was under a misapprehension about the child support guidelines, which we discussed at length in *Bettinger v. Bettinger,* 183 W.Va. 528, 396 S.E.2d 709 (1990).[1] The guidelines require that the income of a custodial parent be calculated into the over-

---

1. No argument is made that the guidelines are not applicable to a petition to modify an earlier support order made at a time before the guidelines existed. This was the situation in *Holley,* and we applied the guidelines. Moreover, 6 W.Va.C.S.R. § 78-16-20.1 recognizes that the guidelines do apply:

> "The fact that the promulgation of this legislative rule establishes guidelines for child support awards shall not, in and of itself, constitute a change of circumstances upon which an existing support order may be revised or altered. A party seeking a modification of a

child support order must show a substantial change in circumstances since the entry of the existing order, regardless of whether such change was within the contemplation of the parties at the time the order was entered. The Legislature, by authorizing the promulgation of this legislative rule by general law during the regular session of the Legislature, one thousand nine hundred eight-eight, expressly intends to overrule the decision of the Supreme Court of Appeals in *Lambert v. Miller,* [178] W.Va. [224], 358 S.E.2d 785 (1987), to the extent that the decision in such case

all child support formula.[2] This, in effect, gives credit against the support obligation of the other parent.[3] Thus, the mere fact that Mrs. Nicholas is earning income does not foreclose utilization of the child support guidelines; the trial court erred in rejecting the application.

Moreover, Mr. Nicholas's argument that there was no substantial change in circumstances is not well taken. Mrs. Nicholas showed that there were increased expenses in connection with raising the two children as they became older. This meets the criteria set in Syllabus Point 2 of *Gardner v. Gardner*, 184 W.Va. 260, 400 S.E.2d 268 (1990):

> "In addition to the factors or circumstances listed for consideration in *Lambert v. Miller*, 178 W.Va. 224, 358 S.E.2d 785, 787 (1987), the family law master or circuit court may determine that a substantial change in circumstances has occurred because of a change in the cost of living caused by inflation or increases in the children's needs because they are older, or unexpected changes affecting basic needs such as housing or transportation."

The final argument relates to a bill from Sears which Mr. Nicholas had agreed to pay out of their joint income tax refund, but never did. In her motion to modify, Mrs. Nicholas requested that Mr. Nicholas be ordered to pay the account in full. The family law master concluded that "agree-

ments after or outside a divorce decree are contracts and are not addressable" in proceedings before the family law master. He recommended that Mrs. Nicholas's motion that Mr. Nicholas be required to pay the Sears bill be denied.

We agree with the family law master's conclusion, although on a different basis. As we stated in Syllabus Point 1 of *Segal v. Beard*, 181 W.Va. 92, 380 S.E.2d 444 (1989):

> "A family law master lacks jurisdiction to hear a petition for modification of an order when the modification proceeding does not involve child custody, child visitation, child support or spousal support. *W.Va.Code*, 48A–4–1(i)(4) [1986]."

Although the family law master did not have the benefit of guidance of the *Segal* decision at the time he offered his recommendations, we find that his conclusion regarding the issue of the Sears bill was correct.

For the foregoing reasons, the judgment of the Circuit Court of Marion County is affirmed, in part, and reversed, in part, and the case is remanded for further proceedings consistent with the principles stated herein.

Affirmed, in part, Reversed, in part, and Remanded.

---

conflicts with the provisions of this subsection 20.1."

**2.** This concept was legislatively established in W.Va.Code, 48A–2–8(c):

> "The guidelines promulgated under the provisions of this section shall take into consideration the financial contributions of both parents. The Legislature recognizes that expenditures in households are made in aggregate form and that total family income is pooled to determine the level at which the family can live. The guidelines shall provide for examining the financial contributions of both parents in relationship to total income, so as to establish and equitably apportion the child support obligation. Under the guidelines, the child support obligation of each parent will vary proportionately according to their individual incomes."

**3.** 6 W.Va.C.S.R. §§ 78–16–2.3 and –2.5 provides:

> "2.3 Determination of the net income available for primary child support.—The court or master shall determine for each support obligor the amount of 'net income available for primary child support' by subtracting the self-support need of the obligor from the net income of such obligor.
>
> \* \* \* \* \* \*
>
> "2.5 Determination of the primary support obligation of each obligor.—The court or master shall divide each support obligor's net income available for child support by the total net income available for child support from both obligors. The resulting percentage establishes the burden which each support obligor should carry with respect to the primary child support needs of their children. This percentage should then be multiplied by the total primary child support need in order to arrive at the 'primary support obligation of each obligor.'"